*D. D. Pratt* and *D. P. Baldwin,* for appellant.

*D. E. Williamson,* Attorney General, for the State.

---

THE BANK OF THE STATE, &c., *v.* BURTON.

GOLD.—LEGAL TENDER NOTES.—Where the amount of a debt is ascertained, the courts cannot recognize any difference between the gold dollar and the legal tender note of the denomination of one dollar.

SAME.—SPECIAL DEPOSIT.—Where the bailee of specific gold coins, to be re-delivered *in specie,* sells the coins for a premium, and fails to re-deliver

them on demand, he is answerable in damages for the amount which he. has realized by the conversion.

SAME.—A refusal to re-deliver the coins on demand, in such case, is evidence of a conversion, and will justify the inference that the conversion was at the usual premium for such coins.

APPEAL from the *Lawrence* Circuit Court.

FRAZER, J.—The case made by the complaint and evidence was that of a special deposit of *American* and foreign gold and silver coins, to be re-delivered on demand, and a failure so to re-deliver. There was evidence, without objection, showing the value of the coins at the time of demand, in legal tender treasury notes of the *United States*. The court below gave judgment upon the basis of that evidence, and the only question presented here, is whether the plaintiff is entitled to recover to that amount.

While we have two kinds of money, made by statute exact equivalents for the purposes of ordinary tender and payment, and yet of notoriously unequal values in commerce, results will now and then follow the application of the law, which are not consonant with justice. Must it be so in this case? It has been often held, that where the amount of a debt has been ascertained, the courts cannot, in view of the act of Congress, recognize any difference between the gold dollar and the legal tender note of the denomination of one dollar, as a means of tender or payment. But it does not follow that when the bailee of specific gold coins, to be re-delivered *in specie*, sells the coins for a premium and fails to re-deliver them on demand, he shall not answer in damages to the amount which he has realized by the conversion. That he should have the right to make a profit for himself by his own wrongful act, is a proposition having no foundation in justice, and not sanctioned by any principle of law. Now, the court below could reasonably infer, from the evidence, exactly such a state of facts as we have assumed above. A refusal to re-deliver the coins on demand was evidence of a

conversion,.and it would justify the inference that the conversion was of the most advantageous kind, such as a prudent man would be likely to make, a sale for legal tender notes at the usual premium. But possibly the decision need not rest upon this basis alone. It is certainly true that the ordinary business of this country is transacted, and commercial values are estimated, upon the basis of these treasury notes. Can it be maintained that the courts, however, when called upon to ascertain values by evidence, shall always measure them by coins, and hold at the same time that the amount thus found may be paid in treasury notes? This would be so very absurd that no court will ever sanction it unless constrained by positive statute. The act of Congress does not necessarily produce this result. Treasury notes can be a legal tender without it. When the parties have, by their contract, fixed the amount of the debt, there is an end of the inquiry. It may be paid in treasury notes or in coin, at the option of the defendant, and as the court cannot forsee, judicially, which medium will be used in payment, the inquiry as to the commercial difference between the two becomes, in theory, unimportant for the purposes of justice. So much only is a necessary result of making the paper a legal tender, (*Brown* v. *Welch,* 26 Ind. 116,) and this may practically produce occasional wrong, but it is the inevitable result of the legislation of congress, which was the offspring of a vital public necessity, justifying a policy resulting in exceptional cases of individual hardship. But it was not enacted that the treasury note should, for all purposes, be deemed the equivalent of the sum in coin which it bore a promise to pay. It was merely made a legal tender for the payment of debts, and receivable also for government dues, except duties on imports, and thereby, for those purposes, it became the equivalent of coin, and its commercial value was increased in consequence. If what has been already said is correct, it would seem to follow that in a case like this, where the coin has been deposited as a specific article,

and not merely as money, that its value is open to inquiry, and may be ascertained by evidence.

The judgment is affirmed, with costs.

*N. F. Malott* and *T. R. Coble*, for appellant.

*A. B. Carleton*, for appellee.