———o———

BOWEN ET AL. v. CLARK.

INJUNCTION.—*Judgment.*—The remedy by injunction lies to prevent proceed-ings on a satisfied judgment, or where the amount due has been tendered to and refused by the judgment plaintiff.

TENDER.—*United States Treasury Notes.*—Legal tender treasury notes of the United States were offered in payment of a judgment rendered in 1858.

*Held*, that the tender was good, and that the judgment plaintiff could not refuse the treasury notes and demand payment in coin.

PAYMENT.—Circumstances from which payment may be inferred discussed.

From the Carroll Circuit Court.

*J. Applegate*, for appellants.

*L. B. Sims* and *J. H. Gould*, for appellee.

DOWNEY, C. J.—This was an action by the appellee against the appellants. Judgment having been rendered in the circuit court in favor of the plaintiff, the defendants appealed to this court, and have assigned, in proper form, two errors, viz., overruling their demurrer to the complaint, and refusing them a new trial.

The complaint alleges that Bowen, on the 11th day of May, 1858, recovered a judgment against Clark, in the Carroll Circuit Court, for eleven hundred and thirty-one dollars and eighteen cents and costs; that the judgment was replevied by one Colton; that certain amounts were paid on the judgment by the plaintiff; the dates and amounts being stated in the complaint through and by Colton and Colton and Barnes, which amounts were received and accepted as payments on the judgment by Bowen; and that afterward, on the 4th day of February, 1870, he tendered to Bowen two hundred and thirty dollars, the balance due on the judgment, interest, and costs, which amount, the complaint states, he now brings into court. The complaint then further alleges that on the 18th day of January, 1870, Bowen had caused an execution to issue on the judgment, which was delivered to Jackson, one of the defendants, who was sheriff of the county, which execution Jackson levied on certain real estate of Clark, particularly described in the complaint, which real estate Jackson threatens and is about to sell.

Prayer that the judgment, interest, and costs be declared satisfied, for a restraining order, and for a perpetual injunction on the final hearing.

The first objection urged by counsel for the appellant to the complaint is, that the persons through whom the payments on the judgment were made have an adequate remedy at law against Bowen by a suit to recover of him the amounts claimed to have been paid on the judgment, and Clark to recover any damages resulting to him from the sale of his land, had the same been illegally sold; and it is said if his legal remedy was perfect, his grievances are not to be heard.

by a court of equity. We have no doubt that an injunction may be granted against proceedings by execution on a satisfied judgment. *Brinckerhoff* v. *Lansing,* 4 Johns. Ch. 65, on p. 69.

In the case under consideration, according to the complaint, part of the judgment had been paid for the judgment defendant by other parties, and there was a tender of the residue, with interest and costs. The judgment plaintiff refused the tender, and was proceeding to sell property on the execution. It would be strange if there was no relief by injunction in such a case. The position that the plaintiff can have no relief by injunction because the parties who made the payments for him on the judgment might sue Bowen, to recover the money back, and that the plaintiff might have an action for damages for the sale of his land on the satisfied judgment, can not be sustained.

It is probable that this proceeding might be sustained under section 377, p. 220, 2 G. & H., which provides, that "satisfaction of a judgment, or credits thereon, may be ordered for sufficient cause, upon notice and motion." Doubtless, on a proper complaint, the court might restrain proceedings on an execution during the pendency of such a motion by injunction, and on the final hearing make it perpetual.

A second objection to the complaint is, that it does not show a sufficient tender, because the costs accrued subsequently to the rendition of the judgment, and due to the clerk and sheriff, must likewise have been paid by the plaintiff in order to discharge him from the judgment. We think the allegation of tender sufficient. It is "that on the 4th day of February, 1870, he tendered to Bowen two hundred and thirty dollars, the balance due on the judgment, interest, and costs," etc. This language is sufficient to embrace all the costs, as well as the balance of the principal and interest of the judgment.

The defendants answered by a general denial. There was a trial by a jury and a finding as follows:

" 1. Has the judgment, set out in the complaint, been satisfied in manner and form as alleged in the complaint?

"Answer. Yes.

" 4. Do you find for plaintiff or defendant?

"Answer. For the plaintiff."

The second and third interrogatories were not answered. The defendants moved the court for a new trial, which motion was overruled, and final judgment rendered for the plaintiff, perpetually enjoining further proceedings for the collection of the judgment.

The first reason for a new trial was the rejection of evidence offered by the plaintiff (defendant?) as to indebtedness of Colton to him, accruing subsequent to the last item mentioned in the complaint, which remained unsettled. This ruling was clearly correct. It was for the plaintiff to show by his evidence that the amounts alleged to have been paid on the judgment for him by Colton were so paid. The general denial required this. It was not material then what was the state of the accounts between Bowen and Colton. Whether, after balancing these accounts, Bowen owed Colton, or Colton owed Bowen, was wholly immaterial. The question was simply whether or not the payments made were made by Colton for the plaintiff and received by Bowen as payments on the judgment or not. It is urged also that the court erred in receiving testimony as to payments made on the judgment through Clark, Brandon & Co. We are not referred by counsel to that part of the record showing this ruling of the court, and after some search through the record we have failed to find it. See rule 19 of this court.

The next reason for a new trial was the giving of the following instruction: " The jury may infer from the conduct of the parties and the circumstances of the case, and what the parties said, an agreement between Colton and Bowen that the items mentioned in plaintiff's complaint were to be received by the defendant in satisfaction of his judgment, although no express verbal or written agreement whatever had been made between the defendant and Colton, at the time,

.that they should so apply ; that although there was a mutual running account between defendant and Colton which still .remained unsettled, yet if the items mentioned in the com-plaint were furnished by Colton, with an understanding upon his part that they were to be payments on said Clark's judgment, and were received by the defendant knowing that Colton had such understanding, and not objected to by Bowen, this is evidence that they were payments on the judgment at the dates at which they were respectively furnished, although no express contract had been made between the parties that such application should be made, and although the quantity and value of such items had never been agreed upon between the parties; that the fact that Colton was replevin bail upon the judgment was a circumstance that the jury might receive as evidence tending to show that the various items furnished by him were furnished and received .as payments on said judgment; that to constitute said several items payments upon said judgment, an agreement between the parties, either express or implied, must be shown."

We are unable to see any valid objection to this instruction. The court, in substance, informed the jury that there must be an agreement between the parties, either express or implied, that the items mentioned had been paid and received on the judgment, and that they might find such agreement "from the conduct of the parties, and the circumstances of the case, and what the parties said, * * * although no express verbal or written agreement whatever had been made between the defendant and Colton, at the time, that they should so apply."

The next reason relied upon for a new trial was, that the court had erred in giving this instruction: " That the alleged tender, if made in treasury notes of the United States, was a sufficient tender, so far as the kind of money is concerned, unless objection thereto was, at the time, made by the defend-ant, for the reason that the same was not in coin, and that a

tender in any currency which is at par is a good tender, if no objection be made at the time."

The evidence shows that the money tendered was treasury notes of the United States. They are a legal tender. The tender was good, whether objection was made or not. *Reynolds* v. *The Bank, etc.,* 18 Ind. 467; *Thayer* v. *Hedges,* 23 Ind. 141; *Brown* v. *Welch,* 26 Ind. 116: *The Bank, etc.,* v. *Burton,* 27 Ind. 426; *Legal Tender Cases,* 12 Wal. 457; *Dooley* v. *Smith,* 13 Wal. 604; *Bigler* v. *Waller,* 14 Wal. 297. There was no error in the instruction.

There are some further objections to the charge of the court, and to an illustration given by the court, but we fail to see any valid objection to the instructions.

The other reasons for a new trial are, that the verdict is contrary to law and not sustained by sufficient evidence. We can not disturb the judgment on these grounds. The evidence is such that the questions of fact must remain as decided by the jury.

The judgment is affirmed, with costs.

Opinion filed November term, 1873; petition for a rehearing overruled May term, 1874.