Opinion delivered June 27, 1888.

---

No. 5700.

R. H. SMITH *v.* THE STATE.

1. PRACTICE.—INJUNCTION is the proper remedy to prevent proceedings on a satisfied judgment.

2. SAME—COMMISSIONS.—A county attorney's right to commissions on forfeitures (or fines) accrues, and the said commissions are payable to him only when the said forfeitures (or fines) are collected and out of the money so collected. Though the forfeiture or fine was not collected

because the same was remitted by the Governor, still the county attor-
ney is not entitled to commissions on it.

3. SAME—PARTIES TO SUIT—CASE STATED.—Smith was fined in the
county court in the sum of seven hundred and seven dollars, of which
amount all but two hundred dollars was subsequently remitted by the
Governor, and Smith paid the two hundred dollars and costs. The
county attorney, claiming commission on the amount of the fine remit-
ted, sued out an execution on the judgment and placed it in the hands
of the sheriff, whereupon Smith sued out a writ of injunction to re-
strain the collection of the amount so claimed by the county attorney
as commission. The injunction was granted, but was subsequently
dissolved upon the motion of the defendant in error. *Held*, that the
State was not a party to the suit; that it was purely a proceeding
against the county attorney and the sheriff, and that the court erred
in dissolving the injunction.

ERROR from the County Court of Wise. Tried below before
the Hon. W. W. Brady, County Judge.

The opinion states the case.

*Gose & Bonner*, for the plaintiff in error.

*W. L. Davidson*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. Though the State appears as de-
fendant in error in this case, she is not really a party to or in
any manner appears to be interested in the litigation. The
facts as they appear of record are as follows:

On the second day of April, 1885, in the county court of Wise
county, Texas, in a certain cause wherein the State of Texas
was plaintiff and R. H. Smith was defendant, a judgment was
rendered assessing a fine against said R. H. Smith at seven
hundred and seven dollars, besides costs of suit. On June 13,
1885, the Governor of the State of Texas remitted all of said
fine save and except two hundred dollars, which amount, to-
gether with all costs due, said Smith paid. R. E. Carswell,
county attorney of Wise county, claiming that he was entitled
to ten per cent commission on the part of said fine remitted by
the Governor, procured to be issued by the clerk of the county
court of Wise county an execution on said judgment to collect
said commissions, which the said county attorney claimed
amounted to fifty dollars and seventy-three cents. R. H. Smith,
on the second day of January, 1886, presented to the county

judge of Wise county, Texas, his petition praying for a writ of injunction to restrain the collection of said amount claimed to be due by said county attorney, which injunction was granted. On the fifth day of February, 1886, the case was heard by the county judge on motion of defendant in error to dismiss the petition and dissolve the injunction, which was sustained by the court, and from which action of the court this writ of error is prosecuted.

If the injunction was dissolved because it was an action to restrain the State in the collection of a judgment, then we say the State was not interested in the subject matter, and the suit was really one to restrain the county attorney and sheriff, and they alone were and should have been made parties defendant. Enough is alleged in the petition to show a cause of action aginst them, without interpleading the State, and they both appear to have been parties cited to answer.

Injunction is a proper remedy to prevent proceedings on a satisfied judgment. (Rev. Stat., art. 2874; Bowen v. Clark, 46 Ind., 405; 3 Waite's Act. and Def., 734.)

As to the right of the county attorney to commissions upon that part or portion of the judgment which had been remitted by the Governor, the case of The State v. Dyches, 28 Texas, 536, is directly in point. In that case it was held that commissions on adjudged forfeitures became due to the attorneys representing the State, and only when the money is collected, and they are to be taken out of the money collected. If the money be not collected, no right to such commissions accrue to the attorneys, and this notwithstanding that their failure to collect it is attributable solely to the action of the Governor remitting the forfeiture. (See Code Crim. Proc., arts. 981, 982; Const., art. 4, sec. 11.) We are of opinion the injunction petition stated a good and sufficient cause of action against the county attorney and sheriff, who were the real and only necessary parties under the circumstances alleged, and that it was error in the court to dissolve the injunction.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*