## D. L. Flint v. Jones County.

Decided March 25, 1899.

**Fees of County Attorney for Collection.**

The county attorney who is in office when the collection is actually made by execution is entitled to the commissions thereon, under article 297, Revised Statutes, providing that whenever a district or county attorney has collected money for the State or county, he shall pay over the same, after deducting the commission allowed him thereon by law, notwithstanding that the suit by virtue of which the collection was made was prosecuted to judgment by his predecessor, whose term expired before the collection was made.

Appeal from the County Court of Jones. Tried below before Hon. J. C. Phillips.

*C. H. Steele* and *Dan M. Jones,* for appellant.

*A. M. Craig,* for appellee.

.HUNTER, Associate Justice.—This suit was brought by appellant to recover from Jones County $197.18 as commissions due him as county attorney of Jones County for collecting $2943.72 from the defaulting treasurer of said county and his bondsmen.

The suit against the treasurer and his sureties was filed and prosecuted to judgment by Thomas, a former county attorney, and the treasurer and his sureties having appealed to this court the judgment was affirmed, but before affirmance Thomas' term of office expired and appellant was elected and qualified as county attorney of said county. After affirmance appellant applied to the clerk of this court for a mandate, filed it with the clerk of the District Court of Jones County, and requested the clerk to issue execution on the judgment, which was done and the writ placed in the hands of appellant, who placed it in the hands of the sheriff, requesting him to collect the money.

The sheriff collected the money and paid it over to the clerk of the District Court, and he to the treasurer of the county. Appellant demanded his commissions from the sheriff, who refused to pay them to him, and he then presented his claim and demand to the Commissioners Court of said county, who refused to allow or pay same or any part thereof. The defendant county pleaded the general denial, and that Thomas, the former county attorney, and special attorneys employed by the Commissioners Court, prosecuted the suit to judgment, and that plaintiff Flint did not assist him.

The case was tried below by the court without a jury, and the learned county judge, it seems, was of opinion that under the facts the plaintiff was not entitled to the commissions prescribed by the statute, and rendered judgment in favor of the county, and hence this appeal.

Article 300, Sayles' Civil Statutes, provides:. "When it shall come

to the knowledge of any district or county attorney that any officer in his district or county, intrusted with the collection or safe keeping of any public funds, is in any manner whatsoever neglecting or abusing the trust confided in him, or is in any way failing to discharge his duties under the law, he shall institute such proceedings as are necessary to compel the performance of such duties by such officer, and to preserve and protect the public interests."

Article 297 provides: "Whenever a district or county attorney has collected money for the State, or for any county, he shall, within thirty days after receiving the same, pay it into the treasury of the State, or of the county to which it belongs, after deducting therefrom and retaining the commissions allowed him thereon by law. Such district or county attorney shall be entitled to 10 per cent commissions on the first thousand dollars collected by him in any one case for the State or county from any individual or company; and 5 per cent on all sums over one thousand dollars, to be retained out of the money when collected, and he shall also be entitled to retain the same commissions on all collections made for the State or for any county; provided, that 10 per cent shall be allowed on all such sums heretofore collected since the adoption of the Revised Statutes. This article shall also apply to money realized for the State under the escheat law."

We are of opinion that the county attorney who is in office when the collection is actually made is entitled to the commissions named in article 297 as fees of his office, and not the one who prosecuted the suit to judgment, but whose term of office expired before collection was made. The appellant did all that such an officer is required to do to make the collection, or that is required of any attorney at law in any case; and hence he, in contemplation of law, made the collection. Bastrop Co. v. Hearn, 70 Texas, 563; Beard v. City of Decatur, 64 Texas, 7; Terrell v. Greene, 31 S. W. Rep., 631.

We therefore order that the judgment in this case be reversed, and we here now render same in favor of appellant.

*Reversed and rendered.*