McHUGH v. REESE.

(Court of Civil Appeals of Texas. Amarillo. May 18, 1912.)

CLERKS OF COURTS (§ 20*) — COMMISSIONS — "JUDGMENT."

While a nisi judgment is in some senses a "judgment," it is not a judgment within Code Cr. Proc. 1911, art. 1193 (Code Cr. Proc. 1895, art. 1143), which allows district and county attorneys and clerks of courts a 5 per cent. commission on all fines, forfeitures, etc., collected for the state or county on judgments; and hence the incumbent in the office of clerk of a district court when final judgment was rendered under forfeiture of a bail bond, and not his predecessor, who was the incumbent when nisi judgment was obtained, is entitled to the commission.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. § 46; Dec. Dig. § 20.*

For other definitions, see Words and Phrases, vol. 4, pp. 3827–3842; vol. 8, pp. 7695, 7696.]

Appeal from Wilbarger County Court; J. A. Nabers, Judge.

Action by E. L. McHugh against John Reese. Judgment for defendant, and plaintiff appeals. Affirmed.

Berry & Stokes, of Vernon, for appellant. Cecil Storey, of Vernon, and Leslie Humphrey, of Henrietta, for appellee.

GRAHAM, C. J. This is an appeal from a judgment rendered by the county court of Wilbarger county, without the intervention of a jury; the cause having been tried upon an agreed statement of facts, as follows:

"We, the parties to the above styled and numbered cause, whose names are signed hereto, being all the parties to this suit, hereby agree that the following is a true and correct statement of the facts in this cause:

"That on, to wit, the 16th day of April, A. D. 1910, T. J. Griffiths, justice of the peace in and for precinct No. 1, Wilbarger county, Texas, sitting as an examining court, upon hearing of cause No. 2,627 of his docket, wherein one Frank Holloway, under the name of Robert Huntley, was charged with the offense of burglary, the said justice of the peace fixed his bail in the sum of $7,000, and at the same time, sitting in the same capacity, upon hearing in cause No. 2,628 on his docket, wherein Frank Holloway, under the name of Robert Huntley, was charged with the offense of theft, the said justice of the peace fixed his bail bond in the sum of $3,000, and at the same time, sitting in the same capacity, upon hearing cause No. 2,631, wherein Allen Hindglass, H. A. Warner, and

Frank Holloway, under the name of Robert Huntley, were charged with the offense of conspiracy to commit burglary, the said justice of the peace fixed the bail bond in the sum of $3,000 in the case of said Frank Holloway. That afterwards, to wit, on the 28th of July, 1910, the said Frank Holloway, alias Robert Huntley, executed bonds in the above amounts in the above-named respective cases, with Mrs. S. A. Holloway, J. I. Campbell, H. D. Arnold, H. M. Coleman, Wes Alexander, J. H. Maxey, C. E. Turner, D. L. Gallagher, and H. L. Coleman as sureties in each instance, as required by law, which bonds were properly approved by the proper officer, and required the appearance of the said Frank Holloway at the next succeeding term thereafter of the district court of Wilbarger county, Texas, which opened on the first Monday in September, A. D. 1910. That at said succeeding term of the district court the said Holloway was by the grand jury of said Wilbarger county indicted in said three cases of the offenses named therein, respectively; but the said Holloway failed to appear at the opening of said district court, or at any time thereafter, and wholly made default in said case of burglary, which is numbered No. 2,-021, on the criminal docket of said district court. That said cause was duly and regularly reached and called for trial on the 12th day of September, 1910, and, said defendant having made default, his bond was duly forfeited by said district court, and a judgment nisi rendered thereon. That on the same day the said theft case, which is numbered No. 2,022 on the criminal docket of said district court, was regularly reached and duly called for trial, and, the defendant having made default in appearance, this bond was duly forfeited by the district court, and judgment nisi rendered thereon. That said case of conspiracy to commit burglary, being No. 2,024 on the criminal docket of said district court, was regularly reached and duly called for trial on the 26th day of September, 1910, and, the said Holloway having made default in his appearance, the said bond was duly forfeited by the district court in this case.

"That on the said 12th day of September, 1910, proper judgments nisi were rendered by the said district court, and were entered against said defendant Holloway and his sureties by plaintiff, E. L. McHugh, as district clerk, and that on the said 26th day of September, 1910, the proper judgment nisi was rendered in said case of conspiracy by the said district court against the defendant Holloway and his sureties, and by the said E. L. McHugh, plaintiff herein, properly entered on the minutes thereof. That at the November, 1910, election in Wilbarger county the defendant John Reese was duly elected to the office of district clerk of said county, and on the 1st day of December, 1910, the said defendant John Reese duly qualified as such district clerk and took charge of the office on said date. That on the 7th of Decem-

ber, 1910, the said John Reese, as such district clerk, issued the proper citation and notices to said sureties on said bonds named in said judgments nisi, citing them to appear at the next succeeding term of said district court, and show good cause why said judgments nisi should not be made final. That at said next succeeding term of said district court, to wit, February, 1911, said sureties on said bonds and in said judgments nisi appeared and filed their answer, and endeavored to set aside and annul said judgments nisi, but after hearing their contentions were overruled, and all of said judgments were made final by the proper order of said district court on the 21st day of February, 1911.

"That in the month of April, 1911, the sureties on said bonds and in said judgments entered into an agreement with the commissioners' court of Wilbarger county, Texas, by which the sureties agreed to pay to Wilbarger county, Texas, the sum of $5,000, and, in addition thereto, to pay all costs and commissions of the officers of court arising by reason of the forfeiture of said bonds and the entering of said judgments, as aforesaid, and in full satisfaction of said judgments. That Harry Mason, an attorney, acting for said commissioners' court, collected from said sureties under said agreement and compromise the sum of $250, as commission due district clerk in said matter, said $250 commission being collected for the district clerk of Wilbarger county, and now holds the said sum of $250 in his hands, subject to the order of this court, and which, it is agreed, belongs to either said E. L. McHugh or John Reese, one or the other, or both together; and it is further agreed that the allegations of plaintiff's petition are true. That, in addition to said $250 collected, as aforesaid, for the district clerk of said county as commissions, the said sureties also paid to said Harry Mason the actual costs of entering said judgments, and all actual costs arising by reason thereof, which said costs and fees have been paid to the said plaintiff, E. L. McHugh, and John Reese, according to the amounts due each, represented by the actual clerical work done in said matter by each, respectively, and about which actual costs there is no controversy in this action."

The findings of fact and conclusions of law by the trial court are as follows: "In the above numbered and entitled cause, the court adopts as its conclusions of fact the agreed statement of facts herein filed, upon which the case was tried. And for conclusion of law says that the statute, to wit, article 1143, C. C. P. 1895, being ambiguous, in that it does not show in such cases as the one at bar which judgment is meant, whether the nisi or final judgment, to determine which the court is authorized to look to the caption of the title, to wit, title No. 16, among other things, in order to construe said statute. Said title is as follows, to wit, 'Commissions on money collected.' The final judgment be-

ing the one without which no money could have been collected, and no process could have issued looking to such collection, and was the judgment most immediately concerned in said collection, the said judgment nisi being interlocutory in its character, the court concludes that said statute should be construed to refer to the final judgment; and therefore said Reese was entitled to recover, as shown in the judgment herein filed."

It will be thus seen that the real issue involved in this appeal is the proper construction to be given article 1193 of the Code of Criminal Procedure, found in Revised Criminal Statutes of Texas 1911, being article 1143 of the old Code of Criminal Procedure.

As the judgment nisi was rendered at a time when appellant was clerk of the district court of Wilbarger county, he contends that under said article he is entitled to the 5 per cent. provided for the clerk in said article; while the appellee contends that, as he was clerk at the time when all proceedings were had after the rendition of the nisi judgment, and at the time the final judgment was rendered, he is entitled to the 5 per cent. provided for in said article.

We have found no decision by the appellate courts in this state directly passing upon the question involved; but we think the principle announced in the cases of Flint v. Jones County, 20 Tex. Civ. App. 641, 50 S. W. 203, Ellis County v. Thompson, 95 Tex. 22, 66 S. W. 48, State v. Dyches, 28 Tex. 536, and Smith v. State, 26 Tex. App. 49, 9 S. W. 274, when considered in connection with the language of the article above mentioned, show most clearly that he who is clerk at the time the final judgment is rendered is entitled to the 5 per cent. provided for in said article.

It certainly cannot be contended that the 5 per cent. can be twice collected on the same forfeiture. While a nisi judgment is in some senses a judgment, we think it cannot be held to be a judgment within the meaning of the article under consideration, as no recovery could be had thereunder, nor could a recovery be had on the forfeiture until the final judgment is rendered; and, as the final judgment in this case is shown to have been rendered at a time when appellee was clerk of the district court of Wilbarger county, we think that the judgment of the trial court was in all things correct, and should therefore be affirmed; and it is so ordered.

HALL, J., not sitting.