David S. SIDENER, Appellant,

v.

STATE of Indiana, Appellee.

No. 981S228.

Supreme Court of Indiana.

March 29, 1983.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant David S. Sidener was found guilty by a jury in the Vanderburgh Circuit Court of two counts of armed robbery, a class B felony pursuant to Ind. Code § 35–42–5–1 (Burns 1979). He subsequently was sentenced by the trial court to two fifteen year terms to be served consecutively. Appellant now directly appeals and raises the following four issues:

1. whether the trial court erred by not *sua sponte* suppressing the testimony of State's witness Herzer;

2. whether the trial court erred by denying Appellant's oral motion for mistrial;

3. whether the trial court erred by refusing Appellant's oral motion for a continuance; and

4. whether the trial court improperly sentenced Appellant.

At approximately 1:13 p.m. on May 15, 1980, Ron Herzer, the owner of Belle Meade Liquors in Evansville, was robbed in his store at gunpoint of about $300.00 and a .38 caliber Smith and Wesson revolver. The robber also took a can of beer out of Herzer's cooler and Herzer's telephone before he left. At approximately 4:25 p.m. on May 16, 1980, Carol Knollman, the owner of Carol's Beauty Salon in Evansville, was robbed in her shop at gunpoint of approximately $240.00. Both Herzer and Knollman identified Appellant as the person who robbed them. Appellant tendered to the police a statement admitting his commission of these robberies. There also was direct evidence which linked the guns used in these robberies to Appellant.

During the pleading stage of this cause, Appellant discharged his court appointed trial counsel and requested permission to proceed *pro se.* The record shows that the trial judge thoroughly discussed with Appellant the problems involved in proceeding without an attorney. Specifically, the trial judge advised Appellant of his risks, his rights, the procedures to be followed and his responsibilities in presenting a proper defense. The trial court further advised Appellant that the trial judge could not and would not act as Appellant's lawyer or aid him in any way during his trial. Appellant responded that he was fully aware of his risks but was certain that he was capable of defending himself and preferred to do so. The trial court permitted him to proceed *pro se.* Appellant now raises several issues premised on the theory that he should have been given special consideration because he was acting *pro se.* It is well settled, however, that one who freely chooses to proceed *pro se* is not entitled to special consideration even though that person has no formal education in the intricacies of trial procedure. As this Court has held:

> "[H]e was provided with court appointed counsel and voluntarily chose to proceed without such assistance. He cannot now be heard to complain that the lack of such assistance worked to his detriment. *Smith v. State,* (1977) 267 Ind. 167, 368 N.E.2d 1154."

*Johnson v. State,* (1979) Ind., 390 N.E.2d 1005, 1007; *see also: Duncan v. State,* (1980) Ind., 412 N.E.2d 770, *reh. denied* (1981); *Swinehart v. State,* (1978) 268 Ind. 460, 376 N.E.2d 486.

I

After the State directly examined Herzer, Appellant questioned him on whether he had given a written and signed statement to the police pertaining to the Belle Meade robbery. Herzer informed that he had in fact given such a statement. Appellant thereupon complained that he had not been given a copy. The prosecutor stated that he did not know that Appellant did not have a copy of Herzer's statement since he had given Appellant his entire file in open court and thought that the statement was included therein. The State then gave Appellant a copy of Herzer's statement and the trial court *sua sponte* called a recess to allow Appellant time to study it. When the court reconvened, Appellant cross-examined Herzer before the jury. This examination revealed that during a photo show-up conducted by the police, Herzer identified Paul Head as being the

person who robbed him. While on the witness stand, however, Herzer positively identified Appellant as the man who robbed him. He suggested that he did not pick Appellant's picture at the show-up because Appellant's picture portrayed him with much longer hair than he had when committing the Belle Meade robbery. The subsequent testimony of victim Knollman also suggested that Head's photograph most closely resembled Appellant's appearance at the time of the instant robberies.

█ Appellant made no timely objection to the trial court with respect to the manner by which he received Herzer's statement. Appellant now claims that the trial court should have *sua sponte* suppressed all of Herzer's testimony because the State withheld said statement from him. He claims that the recess granted by the trial court was inadequate compensation for the State's failure to promptly produce the statement. We agree with the State that Appellant shows no prejudice to him in the manner by which he received Herzer's statement. The benefit of showing Herzer's misidentification was obtained nonetheless since he was able to bring this fact to the jury's attention. Furthermore, sanctions for failure to comply with discovery orders are discretionary with the trial court and are not mandatory. *Osborne v. State,* (1981) Ind., 426 N.E.2d 20; *Rowley v. State,* (1979) Ind., 394 N.E.2d 928. Appellant's general discovery request was granted by the trial court in the form of a general discovery order directing the State to give Appellant a copy of its file and all subsequently obtained information. This was done by the State with the apparently inadvertent exception of Herzer's statement. Appellant neither made any specific request for said statement nor any general request for exhibits of its kind. There was no showing that the State intentionally withheld this information from Appellant. In fact, we may reasonably conclude that the State honestly believed that Herzer's statement was included in the file it tendered to Appellant. *Richard v. State,* (1978) 269 Ind. 607, 382 N.E.2d 899, *cert. denied,* 440 U.S. 965, 99 S.Ct. 1515, 59 L.Ed.2d 781. Accord-

ingly, we find that the trial court properly granted Appellant a recess to review Herzer's statement and committed no error by failing to *sua sponte* suppress Herzer's testimony.

II

█ After the State rested, Appellant asked the trial court for permission to talk with any attorney. The court responded by informing Appellant that he was not entitled to counsel since he had requested and been granted permission to proceed *pro se.* Appellant thereupon reminded the trial court of its earlier appointment of Attorney Charles Berger as standby counsel. The trial court accordingly granted Appellant a recess to talk with Attorney Robert Simpkins. When Appellant returned to open court, he moved for a mistrial on the grounds that one of the jurors personally knew him and that the trial court failed to provide him with standby counsel. Appellant later admitted that the juror in question was not the person he thought she was and dropped that claim. Appellant now argues that he was placed in grave and undue peril by the trial court's failure to enforce its order to have standby counsel available to assist Appellant whenever necessary. Appellant utilized his appointed standby counsel for aid in preparing his case and to obtain a desired law book. The record does not indicate that Appellant made any other requests for the assistance of his standby counsel. Said counsel apparently did not physically "stand by" during Appellant's trial. Appellant made no objection to his absence, however, until after the State had rested, Appellant had suggested to the trial court that he too was finished and Appellant had consulted with another attorney. The State argues that Appellant's objection to the absence of his standby counsel was both untimely and unfounded since he raised his objection when there was nothing left for his standby counsel to do but rest Appellant's case. We agree. It is clearly established that there is no absolute right to have standby counsel present during a trial when a defendant elects to

proceed *pro se.* It is within the trial court's discretion to determine whether or not such representation should be provided. *Swinehart v. State,* (1978) 268 Ind. 460, 376 N.E.2d 486; *German v. State,* (1978) 268 Ind. 67, 373 N.E.2d 880. No error is therefore shown by the trial court's refusal to grant a mistrial based upon Appellant's untimely objection. The trial court properly concluded that Appellant would have to accept the responsibility of his *pro se* representation. Moreover, Appellant makes no showing that there was anything that his standby counsel could have done for him. In fact, Appellant rested his case immediately after the trial court denied his motion for mistrial.

■ Appellant also claims that the trial court never determined that he knowingly and intelligently waived his right to counsel. This issue was not raised in Appellant's Motion to Correct Errors and therefore was waived. *Turner v. State,* (1981) Ind., 428 N.E.2d 1244; *McGraw v. State,* (1981) Ind., 426 N.E.2d 1290; *Guardiola v. State,* (1978) 268 Ind. 404, 375 N.E.2d 1105. Furthermore, the record in the instant case clearly shows that the trial judge took great pains to determine that Appellant did knowingly and intelligently waive his right to counsel.

Appellant lastly claims that the trial court "should have, in the interests of justice, granted [his] motion for mistrial because of the problems with his self-representation." Appellant does not indicate anything in particular of which the trial court deprived him. He simply states that the trial court erred by not providing him with access to sufficient law books and legal materials which might somehow have enabled him to meaningfully prepare for his defense. He neither points out which books or materials were required and denied nor what might have been accomplished by their availability and utilization. He suggests no witnesses who could have been called with the assistance of standby counsel. Moreover, we note that Appellant participated in at least nine pretrial hearings and benefited from at least ten trial court orders granting aid in the preparation of his defense. It appears to us that Appellant's mistrial motion was motivated by his desire for another chance to have his case tried with counsel rather than *pro se.* The trial court properly found that Appellant was too late with this request and appropriately reminded him that he had been fully advised of the shortcomings he would experience in proceeding *pro se.* Accordingly, we find that the trial court acted properly in all ways with respect to this issue.

### III

■ After the jury had been selected but before any testimony was presented, Appellant orally moved for a continuance of his trial until the next morning. He so moved stating that he was exhausted due to the tremendous pressures attending his proceeding *pro se.* The trial court denied Appellant's motion but recessed for lunch and informed Appellant that he could waive his opening statement until he was later called to present his case. When a continuance request has no statutory basis, the granting of such request is completely within the discretion of the trial court. Appellant neither shows how the requested additional time would have aided him nor how he was prejudiced by the trial court's denial of his request. Furthermore, no abuse of discretion is shown. *Downer v. State,* (1982) Ind., 429 N.E.2d 953. Appellant once again suggests that he should have been accorded special treatment since he was representing himself. This is not sufficient to demonstrate an abuse of the trial court's discretion. *Johnson v. State, supra; Keys v. State,* (1979) Ind., 390 N.E.2d 148.

### IV

■ Finally, Appellant claims that his sentences are unreasonable in light of the circumstances of his case. Both of Appellant's convictions were for class B felonies. Ind.Code § 35–50–2–5 (Burns 1979) provides that class B felonies be punished by imprisonment for a fixed term of ten years with up to ten years added for aggravating circumstances. The trial court sentenced

Appellant to fifteen years on each of his convictions and ordered that said terms be served consecutively. The reasons the trial court gave for the aggravated penalty were "problems with the pre-sentence investigation, what happened at trial as to attempts at perjury, and defendant's previous record." Appellant alleged in his brief that the record then before us did not specifically show what the trial court based its sentencing decisions upon since the sentencing portions of the trial court's record had been omitted. The State accordingly petitioned this Court for *certiorari* to supply certain missing materials. *Certiorari* was granted and a supplemental record, including Appellant's pre-sentence investigation report and a transcript of Appellant's sentencing hearing, was subsequently furnished. The supplemental record shows that the trial court specifically ascertained that Appellant previously had committed a number of felonies. The trial court characterized said felonies as "an incredible number of felonies, most of which involved a form of violence either in terms of an armed robbery or burglary." The trial court further found that Appellant had falsely accused witness Herzer of various criminal acts while conducting his cross-examination of Herzer. Appellant subsequently admitted to the trial judge that he knew that Herzer had not committed any crime but nonetheless made the accusations as a part of his trial strategy. We do not find the sentences imposed or the ordered manner of their service unreasonable considering all of the facts and circumstances of the particular offenses involved and the character of the offender. Ind.R.App.Rev.Sen. 2(1).

The trial court is affirmed in all things.

GIVAN, C.J., and HUNTER, DeBRULER and PRENTICE, JJ., concur.