Douglas ROOSE, Appellant,

v.

STATE of Indiana, Appellee.

No. 1081S312.

Supreme Court of Indiana.

June 13, 1983.

Susan K. Carpenter, Public Defender of Indiana, Jay Rodia, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant Douglas Roose was convicted by a jury in the Elkhart Superior Court of Burglary Resulting in Bodily Injury, a class A felony. Ind.Code § 35–43–2–1 (Burns Supp.1982). The trial court subsequently sentenced Roose to a term of thirty years imprisonment. Roose now directly appeals raising the following two issues for our consideration:

1. whether the jury's verdict was supported by sufficient evidence and therefore is not contrary to law; and

2. whether the trial court erred by denying Appellant's Motion for Mistrial and by overruling his objections to certain allegedly improper conduct by the prosecution.

### I

■ The victim, Debbie Roose, lived with her two daughters in an apartment in Goshen, Indiana. Although Appellant and Debbie married on March 16, 1979, they subsequently separated. Debbie testified that Appellant came to her residence at approximately 11:00 o'clock during the evening of April 17, 1981. When refused entry, Appellant kicked open the front door of Debbie's apartment. Debbie thereupon ran into the bathroom where one of her daughters was bathing and locked the door. She heard Appellant proceed into her kitchen, rattle cooking utensils and approach the bathroom door. Appellant kicked in the bathroom door, grabbed Debbie and said: "You are going to be a dead bitch." Appellant then grabbed her hair and repeatedly cut her with a kitchen knife causing various lacerations.

The emergency room physician who attended Debbie at Goshen General Hospital testified that she suffered two lacerations on her left forearm, four lacerations on her left hand and one laceration each on her chest, neck and right cheek. The wounds on Debbie's left hand were left open because four tendons were severed and surgery was required; the remaining wounds were closed with seventy-four stitches. The doctor also testified that Debbie's wounds were probably caused by a sharp instrument such as a knife or a razor blade.

Arlene Sierra lived in the apartment immediately adjacent to Debbie's. She testified that during the late evening of April 17, she and her husband awoke to hear Debbie screaming her name. She further testified that when she went outside to look into Debbie's kitchen window, Appellant came to the window with a knife in his hand and said: "[T]hat's my wife and I'm married to her and I'll do what I want." Sierra returned to her apartment to obtain a baseball bat. She next noticed Debbie, covered with blood, running across the street and calling for help.

Appellant notes that Debbie testified that she had not seen Appellant between January and April of 1981 while Arlene Sierra testified that Appellant had been at Debbie's apartment several times during that period. We do not find this alleged conflict in the evidence pertinent to any essential element of the proof necessary to convict Appellant of the instant offense. Furthermore, we do not find the evidence supporting this jury's verdict inherently unworthy of belief. Appellant's contentions are directed to the weight of the evidence which this Court will not reconsider on review. *Burkes v. State,* (1983) Ind., 445 N.E.2d 983; *Hatton v. State,* (1982) Ind., 439 N.E.2d 565; *Rowan v. State,* (1982) Ind., 431 N.E.2d 805, *reh. denied.*

### II

■ Appellant next argues that his conviction should be set aside due to three instances of alleged prosecutorial misconduct. This Court has held that to prove prosecutorial misconduct, a defendant must show that the prosecutor actually engaged in misconduct and that said misconduct actually placed the defendant in grave peril to which he should not have been subjected. *Roberts v. State,* (1981) Ind., 419 N.E.2d 803, 808; *Maldonado v. State,* (1976) 265 Ind. 492, 498, 355 N.E.2d 843, 848.

■ Appellant specifically argues that the trial court abused its discretion by denying his Mistrial Motion. Said Motion was

made during the following redirect examination of Arlene Sierra:

"BY MR. SHEWMAKER [Deputy Prosecuting Attorney]:

Q  Are you scared of Doug Roose?

A  Well, I'm not scared of him because I ain't going to fight him in the first place.

Q  Well, were you scared of him that night?

A  Yes, I was.  I was scared because I thought he was going to come after me.

Q  Why did you think he was going to come after you?

A  Well, see, because I'm Debbie's friend, you know, he's liable to do anything.

Q  To keep you from testifying here?

A  Yeah, I guess.

MR. BOWERS [Public Defender]: Objection, Your Honor.

MR. SCHEWMAKER: That's fair game.

THE COURT: I'll sustain that and admonish the jury to disregard it.

MR. BOWERS: We'd ask for a mistrial on the basis of that comment.

THE COURT: I've admonished the jury to disregard the comment, and I'll deny your motion for mistrial.  The jury will disregard it."

Appellant contends that the prosecutor sought to infer that Appellant had threatened Sierra which somehow degraded Appellant before the jury.  Appellant further contends that the prosecutor's questions were wholly without a factual basis in the Record.  Appellant argues that the prosecutor committed misconduct by violating the following sections of the Code of Professional Responsibility:

*Ethical Canon 7–13*

"The responsibility of a public prosecutor differs from that of the usual advocate; his duty is to seek justice, not merely to convict. . . ."

*Disciplinary Rule 7–106*

"(C) In appearing in his professional capacity before a tribunal, a lawyer shall not:

(1) State or allude to any matter that he has no reasonable basis to believe is relevant to the case or that will not be supported by admissible evidence.

(2) Ask any question that he has no reasonable basis to believe is relevant to the case and that is intended to degrade a witness or other person. . . ."

We do not agree.  The Record discloses that during cross-examination, Appellant elicited from Witness Sierra certain testimony regarding her state of mind while observing Appellant's attack on the victim.  Once Appellant introduced this subject, the prosecution was free to fully explore it.  As Appellant concedes, the granting of a mistrial motion is discretionary and a trial court's decision will not be overturned absent a manifest abuse of discretion.  *Ramos v. State,* (1982) Ind., 433 N.E.2d 757, *reh. denied; Johnson v. State,* (1982) Ind., 432 N.E.2d 1358; *Griffin v. State,* (1980) Ind., 402 N.E.2d 981.  Furthermore, a trial court's admonition is presumed to cure an error if in fact an error has been made.  *Johnson v. State, supra; Dean v. State,* (1982) Ind., 432 N.E.2d 40, *reh. denied; Bailey v. State,* (1980) Ind., 412 N.E.2d 56.

Appellant also argues that the trial court erred by overruling his objection raised during the following portion of the prosecutor's final argument:

". . . Now, it took courage for Deb to stand up here and be counted.  You know Debbie knows what's going to happen if Doug is acquitted.  She's going to be marked.

MR. BOWERS: Objection, Your Honor.

MR. SHEWMAKER: Does this count on my time?  May I proceed?

THE COURT: What's your objection?

MR. BOWERS: The allegation is to what is going to happen if this gentleman is acquitted.  It's purely speculative and does nothing but to offend the conscience of the jury.  Perfectly inadmissible argument.

THE COURT: I think the jury has heard the evidence and they will have to draw their own conclusions."

Appellant argues that the prosecutor sought to persuade the jury by inferring certain facts not in the Record thereby subjecting Appellant to grave peril. Here again, the determination of the proper scope of final argument is within the trial judge's discretion and his decision will not be overturned absent clear proof that he abused his discretion. *Scott v. State,* (1980) Ind., 413 N.E.2d 902; *Morris v. State,* (1980) Ind., 398 N.E.2d 1284. This Court has held that a trial judge does not abuse his discretion by allowing a prosecutor's final argument to point out reasonable inferences based on the evidence presented at trial. *Roberts v. State, supra,* (reference to fact that defendant had previously been convicted for unarmed robbery and apparently was moving "onward and upward" to armed robbery); *Bledsoe v. State,* (1980) Ind., 410 N.E.2d 1310 (DeBruler, J., dissenting) (reference to fact that acquittal would allow the defendant to leave by the same door used by the public). This Court also has held that we will determine whether a defendant has been placed in grave peril by considering "the probable persuasive effect of the misconduct on the jury's decision, not by the degree of impropriety of the conduct." *Maldonado v. State,* 265 Ind. at 499, 355 N.E.2d at 848. Accordingly, we find that the prosecutor committed no misconduct by his comment during final argument. Furthermore, we find that Appellant has failed to establish that the comment was persuasive and therefore placed him in grave peril. There is no error.

Appellant lastly contends that he was placed in grave peril by the following rebuttal argument made by the State:

"Every single one and as I told you before, it's the jury that enforces the law. Now, when you get into the jury room, you will select a Foreman, someone who is to be the spokesman for the group. He will take your vote and if for some reason unknown to anyone other than yourselves, Doug Roose is to be acquitted, then you should acuit (sic) him. If you think the State has not met the burden of proof, it's your duty to acquit him. It's your duty, and if he's acquitted, out the door he goes with you. We all go out the same door. Doug is a free man. End of case. Done, finished, through, over. He's free to go. He's free to attack again if that's his desire and the only thing that's going to stop him is to go to jail."

For the reasons stated immediately above, we find no error in this argument. Moreover, Appellant posed no objection to this argument at trial. By failing to timely object, Appellant did not preserve this alleged error and thereby precluded review.

The trial court is in all things affirmed.

GIVAN, C.J., and DeBRULER, and HUNTER, JJ., concur.

PRENTICE, J., concurs on Issue I and concurs in result on Issue II.