Daniel E. **DACK**, Appellant (Defendant Below),

v.

**STATE of Indiana, Appellee** (Plaintiff Below).

No. 3–683A179.

Court of Appeals of Indiana, Third District.

Dec. 20, 1983.

Rehearing Denied Jan. 26, 1984.

Milan D. Tesanovich, Portage, for appellant.

Linley R. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Following a jury trial, Daniel E. Dack (Dack) was convicted of theft, a class D felony.[1] Dack's appeal raises the following issues:[2]

(1) Whether Dack should be granted a new trial because the prosecutor, in his opening statement, expressed his belief in Dack's guilt; and

(2) Whether the fact that Dack gave the License Branch a "Public Office Money Order", which was a promise to pay in "lawful money", in exchange for his license plates renders the evidence insufficient to prove the offense of theft.

Affirmed.

I.

Prosecutorial Misconduct

Dack contends that he should receive a new trial because the prosecutor stated during his opening statement to the jury that he believed Dack was guilty. We first note that Dack has failed to include

---

**1.** IC 1976, 35–43–4–2 (Burns Code Ed., 1983 Supp.).

**2.** The issues have been consolidated.

the entire opening statement in the record.[3] Our Supreme Court has stated that, in determining whether a prosecutor's statement improperly suggests to the jury that he has superior knowledge of a defendant's guilt, the prosecutor's statement of opinion must be examined in the context of the argument as a whole. *Swope v. State* (1975), 263 Ind. 148, 325 N.E.2d 193, *cert. denied*, 423 U.S. 870, 96 S.Ct. 135, 46 L.Ed.2d 100. The page containing the statement which Dack attacks does not show that any contemporaneous objection was made to the prosecutor's remark. By neglecting to make a timely objection, Dack failed to preserve this error for review on appeal. *Roose v. State* (1983), Ind., 449 N.E.2d 594, 597. Furthermore, a timely objection would have given the trial court an opportunity to admonish the jury to disregard the prosecutor's remark. An admonition is presumed to cure an error if one has, in fact, been made. *Id.*, 449 N.E.2d at 596.

■ Dack also argues that he proceeded *pro se* at trial.[4] It is well-settled in Indiana that a defendant who chooses to proceed *pro se* will not be given special consideration and cannot later complain of his lack of the assistance of counsel. *Sidener v. State* (1983), Ind., 446 N.E.2d 965, 966. He is held to the same rules of procedure as are trained counsel; thus, his failure to object waives an issue on review. *Craig v. State* (1980), Ind.App., 403 N.E.2d 925, 927.

## II.

### Sufficiency

In determining whether the evidence introduced at trial is sufficient to support Dack's conviction, this Court will neither weigh the evidence nor judge the credibility of witnesses. We will consider the evidence most favorable to the State and all reasonable inferences which may be drawn from that evidence. If there is substantial evidence of probative value on each element of the crime, we will not disturb the judgment. *Smith v. State* (1982), Ind., 429 N.E.2d 956, 957.

The evidence most favorable to the judgment is that Dack visited the Chesterton license branch to obtain license plates for two trucks and an automobile. Dack took the license plates from Sandy Prichard (Prichard), the clerk at the license branch and gave her a "Public Office Money Certificate." This certificate purported to be a promise to pay two hundred six dollars and seventy-five cents "of the money of account of the United States, as required by law at 31 U.S.C.A. § 371, pending official determination of the substance of said money." The certificate also stated that it was "void if not presented to payor for redemption in 120 days." (Record, p. 50). The certificate was not signed by Dack. Prichard repeatedly informed Dack that she could not accept the certificate, but Dack insisted that it was valid and left the license branch. Prichard took the certificate to the manager who followed Dack and told him that the branch could not accept the certificate. Dack again insisted that the certificate was valid and put the license plates in his car when the manager attempted to retrieve them. The manager called the police. She also telephoned Dack, but he refused to either return or pay for the plates. When Fred Shivalec, a Chesterton police officer, went to Dack's house he advised Dack of his rights and asked him to return the plates. Dack stated that he needed the license plates because his had expired and refused to pay for them.

Dack contends that the evidence is insufficient to support his conviction for theft. The basis of his argument is that, in refusing to accept the "Public Office Money

---

**3.** Although the praecipe requested the complete transcript, only the final sentences of the prosecutor's opening statement have been included in the record transmitted to this Court. We would also point out that Ind.Rules of Procedure, Appellate Rule 8.3(A)(7) requires that the argument section of the brief contain citation to portions of the record relied upon. Dack's argument on this issue is devoid of any citation to the record.

**4.** Dack is represented by counsel on appeal.

Certificate," the State is violating Article 1, Section 10 of the United States Constitution which prohibits the States from establishing anything except gold and silver as tender for the payment of debts. He also argues that he lacked the intent to commit theft. We are not persuaded by Dack's position.

IC 1976, 35–43–4–2(a) (Burns Code Ed., 1983 Supp.) provides:

"A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a class D felony."

■ "Intentionally" and "knowingly" are defined by statute as follows:

"(a) A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so.

"(b) A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so."

IC 1976, 35–41–2–2 (Burns Code Ed., 1979 Repl.). The evidence is sufficient on each element of theft to support Dack's conviction. Dack left the license bureau with the license plates which he intended to use on his vehicles. He took and retained possession of the license plates despite repeated warnings from license branch personnel that he had not properly paid for the plates. These facts support a determination that Dack exerted unauthorized control over the license plates with the intent to use them for his personal use. Dack was informed repeatedly that he had not paid for the license plates; moreover, the certificate which he asserts was a promise to pay was not signed. This evidence supports a reasonable inference that Dack acted knowingly or intentionally. *Cf. Grassmyer v. State* (1981), Ind., 429 N.E.2d 248, 257 (Intent may be inferred from the voluntary performance of an act and the circumstances surrounding that performance.)

■ Furthermore, Dack's contention that the license branch's refusal to accept his promise to pay violates Article 1, Section 10 of the United States Constitution is untenable. Section 10 prohibits the State from *making* anything other than gold and silver legal tender for the payment of debts; this in no way prohibits the State from *refusing* to accept Dack's offered form of payment. *Cf. Boyd v. Olvey* (1881), 82 Ind. 294, 299 (National bank notes are not money; therefore, a creditor may receive them as money but is not required to do so.)

■ Dack also argues that he promised to pay in "lawful money" as soon as "lawful money" was determined. Our Supreme Court has long recognized that the Congress of the United States has the power to declare paper a legal tender for the payment of debts. *Bowen v. Clark* (1873), 46 Ind. 405; *Brown v. Welch* (1866), 26 Ind. 116. Likewise, the United States Supreme Court has ruled that Congress has the constitutional power to declare something other than gold and silver to be legal tender for the payment of debts. *Juilliard v. Greenman* (1884), 110 U.S. 421, 4 S.Ct. 122, 28 L.Ed. 204. This power rests exclusively in Congress. *Norman v. Baltimore & Ohio Railroad Co.* (1935), 294 U.S. 240, 55 S.Ct. 407, 79 L.Ed. 885. Congress has enacted 31 U.S.C. § 392 (1976), which provides that all coins and currencies of the United States (including Federal Reserve notes and circulating notes of Federal Reserve banks and national banking associations) are legal tender for the payment of debts. The issue which Dack attempts to raise has been considered extensively and his position has been rejected. Therefore, we are unpersuaded by this argument as well.[5]

■ Dack also argues that the trial court erred in denying his motion for a directed verdict. Even if we were to assume that such a motion was properly

---

**5.** The record contains no indication that Dack attempted to tender any form of payment for the license plates other than the "Public Office Money Certificate."

made,[6] Dack waived his right to claim error in the denial of his motion by presenting evidence in his own behalf. *Sanders v. State* (1981), Ind., 428 N.E.2d 23. Moreover, a motion for a directed verdict or judgment on the evidence will be granted only if there is a total lack of evidence on an essential element of the charge or if the evidence is without conflict and leads only to an inference in favor of the defendant. *Sanders v. State, supra; Norton v. State* (1980), Ind., 408 N.E.2d 514, 531. We have already determined that the evidence is sufficient on all elements of the crime to support Dack's conviction for theft; therefore, the trial court did not err in denying his motion.

Affirmed.

HOFFMAN, P.J., and GARRARD, J., concur.

---

**6.** Dack contends that the following constitutes his motion:

"MR. DACK: I'm saying that he cannot prosecute me for theft in this matter because I did not steal anything, one, because of the constitutions and the intent behind my actions."
(Record, p. 122).