## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 12 2018, 10:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Kenneth Robinson
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kenneth Robinson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | December 12, 2018<br><br>Court of Appeals Case No.<br>18A-CR-1052<br><br>Appeal from the Lake Superior Court<br><br>The Honorable Diane Ross Boswell, Judge<br><br>The Honorable Kathleen A. Sullivan, Magistrate<br><br>Trial Court Cause Nos.<br>45G03-7801-CR-19<br>45G03-7801-CR-20 |

**Bailey, Judge.**

# Case Summary

[1] Kenneth Robinson ("Robinson"), pro se, appeals the trial court's denial of his motion to correct an erroneous sentence. We affirm.

# Issues

[2] Robinson raises the following two issues on appeal:

> I. Whether the trial court erred when it resentenced Robinson without Robinson's attorney present.

> II. Whether the trial court erred when it sentenced Robinson to consecutive sentences for his two murder convictions.

# Facts and Procedural History

[3] In December of 1977, the State charged Robinson with two counts of kidnapping under Cause Number 3CR-201-1277-983/successor cause number 45G03-7712-CR-201 ("CR-201"). In January of 1978, the State also charged Robinson with murder under Cause Number 3CR-19-178-70/successor cause number 45G03-7801-CR-19 ("CR-19") and with another count of murder under Cause Number 3CR-20-178-71/successor cause number 45G03-7801-CR-20 ("CR-20"). Robinson was convicted of both counts of kidnapping under CR-201 in September of 1978, and the trial court imposed an aggregate forty-year sentence in that case. The Indiana Supreme Court affirmed those convictions on direct appeal. *Robinson v. State*, 272 Ind. 312, 317, 397 N.E.2d 956, 959 (1979).

[4]     Separately, Robinson pled guilty to both murder charges in CR-19 and CR-20. In October of 1978, the trial court imposed a sixty-year sentence on the CR-19 murder conviction, which it ordered served consecutively to the forty-year sentence Robinson was already serving in CR-201, and it imposed a sixty-year sentence on the CR-20 murder conviction, which it ordered served consecutively to the CR-19 sentence. Robinson did not file a direct appeal of his CR-19/CR-20 sentencing.

[5]     In 1986, Robinson, by counsel, filed a post-conviction petition challenging his sentence, which was denied. Robinson did not appeal. In 1996, Robinson, by counsel, litigated a second post-conviction petition in CR-19 and CR-20 challenging his sentence; that petition was also denied, and Robinson did not appeal.

[6]     On November 2, 2015, Robinson, by counsel, filed a motion to correct erroneous sentence under CR-19 and CR-20 in which he alleged that those sentences and the sentence in CR-201 should all run concurrently. On June 14, 2016, the trial court granted, in part, the motion to correct erroneous sentence and ordered the sentence in CR-19 to run concurrently with the forty-year kidnapping sentence in CR-201. On July 7, 2016, the court issued an amended abstract of judgment reflecting this change.

[7]     In July of 2016, Robinson's counsel filed a motion to withdraw in which he noted that Robinson requested that counsel withdraw so that Robinson could "continue with his case, proceeding pro se." App. at 68-70. The trial court

granted that motion. On August 4, 2016, Robinson—proceeding pro se—filed a motion to clarify the trial court's June 14, 2016 ruling on the motion to correct erroneous sentence, alleging that the sentences in CR-19 and CR-20 must run concurrently. On August 15, the trial court issued an order explaining that the court had authority to run the CR-19 and CR-20 sentences consecutively, so that aspect of the sentence remained unchanged. The court noted that it had corrected only the order running the CR-19 sentence consecutively to the CR-201 sentence, as there was no statutory authority at the time to do that.

[8] On August 15, Robinson filed, pro se, a motion to file a belated appeal of the June 14, 2016 order. The court denied that motion on August 17. Robinson did not appeal the denial of his motion to file a belated appeal.

[9] In October of 2016, Robinson filed, pro se, a third post-conviction petition that was refused for filing as an unauthorized successive petition. In November of 2016, Robinson filed a "Motion for Trial Rule 60[B] Relief [f]rom Order Summarily Denying Post Conviction Relief Petition," which the court denied on December 5. App. at 3, 10. On appeal, this Court affirmed the denial of the Trial Rule 60(B) motion. *Robinson v. State*, No. 45A04-1612-CR-2871, 2017 WL 1533682, *2-3 (Ind. Ct. App. April 28, 2017), *trans. denied*.

[10] On March 12, 2018, Robinson filed, pro se, another motion to correct erroneous sentence in which he alleged, for the first time, that Indiana law required that he and his lawyer should have been present at the time his

sentence was corrected. Robinson requested that the court "remand Petitioner to the trial court with instructions to re-impose the order correcting the sentence in the defendant's presence in this cause." App. at 78. The trial court held a hearing on April 4, 2018, in Robinson's presence, and it "affirmed" its orders dated June 14, 2016, and August 15, 2016. *Id*. at 86. This appeal ensued.

# Discussion and Decision

[11] Robinson challenges the trial court's ruling on his March 12, 2018, motion to correct erroneous sentence. We review such rulings for an abuse of discretion. *Bridges v. Veolia Water Indianapolis, LLC*, 978 N.E.2d 447, 452-53 (Ind. Ct. App. 2012), *trans. denied*. "An abuse of discretion occurs when the trial court's action is against the logic and effect of the facts and circumstances before it and the inferences that may be drawn therefrom, or is based on impermissible reasons or considerations." *Id*. (citation omitted).

## Resentencing without Attorney Present

[12] Robinson filed a motion to correct erroneous sentence in which he claimed that the trial court erred in resentencing him on June 14, 2016, and/or affirming the sentence on April 4, 2018, without his lawyer present, in violation of Indiana Code Section 35-38-1-15.[1] We first observe that it is not at all clear that

---

[1] That statute provides, in relevant part, that an erroneous sentence "shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered." I.C. § 35-38-1-15.

Robinson was permitted to raise this issue through a motion to correct sentence. *Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004) (holding a motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence; claims that require consideration of matters outside the proceedings may not be raised through such a motion). However, even assuming—without deciding—that his motion was permissible, Robinson waived appeal of the issue of resentencing without a lawyer by failing to raise contemporaneous objections.

[13]     It is well-settled that a defendant must object to an alleged error in order to preserve the issue for appeal. *E.g.*, *Wilder v. State*, 91 N.E.3d 1016, 1022 (Ind. Ct. App. 2018) (citing *Washington v. State*, 808 N.E.2d 617, 625 (Ind. 2004)). Failure to object results in waiver. *Id*.

> The purpose of the contemporaneous objection requirement is to give the trial court a chance to avoid or correct the harmful error, thereby securing a fair and proper verdict. *Clark v. State*, 6 N.E.3d 992, 998 (Ind. Ct. App. 2014). "[A] trial court cannot be found to have erred as to an issue or argument that it never had an opportunity to consider." *Washington*, 808 N.E.2d at 625.

*Id*.

[14]     At the time of the June 2016 resentencing, Robinson did not object to the resentencing without his lawyer present, nor did he appeal the June 14 order. Rather, he raised the issue for the first time in his March 12, 2018, pro se motion to correct erroneous sentence. However, when the court held a hearing on April 4, 2018, to affirm the June 14, 2016, sentence, Robinson—who

appeared at the hearing and represented himself pro se[2]—did not object that his lawyer was not present at the hearing, and he did not argue that the hearing was illegal because his lawyer was not present. Therefore, Robinson has waived the claim on review. *Id.*

[15] Waiver notwithstanding, Robinson acted as his own counsel at the April 4, 2018, hearing; therefore, "his counsel" was present at that hearing. I.C. § 35-38-1-15. A defendant has federal and state constitutional rights to waive counsel and represent himself. U.S. CONST. amend. VI; IND. CONST. art. 1, § 13. However, a defendant who does so "accepts the burdens and hazards incident to his position; moreover, a defendant who represents himself will be held to the rules of trial procedure, will be treated like an attorney, and will be responsible for making objections and following procedural and evidentiary rules." *Jefferson v. State*, 891 N.E.2d 77, 86-87 (Ind. Ct. App. 2008) (citations omitted), *trans. denied*. In July of 2016, Robinson's counsel withdrew at Robinson's request specifically so that Robinson could represent himself, and Robinson does not dispute that fact on appeal.[3] Since Robinson appeared on his own behalf at the April 4, 2018, hearing, he was represented at that hearing as required by statute. *See Jefferson*, 891 N.E.2d at 86-87; *see also Dack v. State*,

---

[2] We note that "we hold pro se litigants … to the same performance standard as practicing attorneys." *Lee v. State*, 91 N.E.3d 978, 990 (Ind. Ct. App. 2017), *trans. denied*.

[3] Robinson does point out that he asked for a continuance at the April 4, 2018, hearing so that he could obtain counsel, and the court in effect denied that request by noting that counsel was unnecessary. However, he does not appeal the denial of his request for a continuance.

457 N.E.2d 600, 602 (Ind. Ct. App. 1983) (citing *Sidener v. State*, 446 N.E.2d 965, 966 (Ind. 1983)) ("It is well-settled in Indiana that a defendant who chooses to proceed pro se will not be given special consideration and cannot later complain of his lack of the assistance of counsel.").[4] The trial court did not abuse its discretion when it denied Robinson's motion to correct erroneous sentence.

## Waiver of Appeal of Consecutive Murder Sentences

[16] The second issue Robinson raises on appeal is whether the trial court erred in ordering the sentences for his two murder convictions to run consecutively. However, Robinson also waived this claim by failing to raise it below. In his March 12, 2018, motion to correct erroneous sentence—the denial of which is the subject of this appeal—Robinson alleged that his sentence was erroneous *only* because it was issued on June 14, 2016, without him or his lawyer being present as required by statute. App. at 75-84. And the only relief Robinson requested was that the court "remand Petitioner to the trial court with instructions to re-impose the order correcting the sentence in the defendant's presence in this cause." *Id*. at 78, 83. Because Robinson failed to challenge the order that his murder sentences run consecutively in his motion below, he has

---

[4] We note that Robinson contends for the first time in his reply brief that he was not given notice of the April 4, 2018, hearing as required by statute. Appellant's Reply Br. at 4. However, to the extent he raises that issue, it is waived because it was raised for the first time in his reply brief. *Monroe Guar. Ins. Co. v. Magwerks Corp.*, 829 N.E.2d 968, 977 (Ind. 2005) (citation omitted) ("The law is well settled that grounds for error may only be framed in an appellant's initial brief and if addressed for the first time in the reply brief, they are waived.").

waived that issue on appeal. *Washington*, 808 N.E.2d at 625; *Wilder*, 91 N.E.3d at 1022.[5]

# Conclusion

Robinson did not object to the absence of a lawyer at either his June 2016 resentencing or his April 2018 hearing; therefore, he has waived his claim that his sentence violated state law because it was imposed without his lawyer present. Waiver notwithstanding, he acted as his own counsel at the April 2018 hearing affirming his June 2016 sentence and therefore was represented as required by statute. I.C. § 35-38-1-15. And, finally, Robinson waived his claim that his murder sentences should not run consecutively by failing to raise that claim in his March 12, 2018, motion to correct erroneous sentence.

Affirmed.

Bradford, J., concurs.
Brown, J., concurs in result.

---

[5] Because we decide this issue is waived, we do not address the State's contentions regarding the doctrine of res judicata.