**Donald Gene MITCHELL, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 283S65.

Supreme Court of Indiana.

Nov. 23, 1983.

Susan K. Carpenter, Public Defender, Ihor N. Boyko, Sp. Asst. Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Latriealle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant-Petitioner Donald Gene Mitchell was convicted in the Madison Circuit Court of Rape, Robbery, Entering to Commit A Felony and Automobile Banditry. Upon direct appeal to this Court, Appellant's convictions were affirmed except that his conviction and sentence for Automobile Banditry was vacated. *Mitchell v. State,* (1977) 266 Ind. 656, 366 N.E.2d 183. Appellant subsequently filed a Petition for Post-Conviction Relief which the Madison Circuit Court denied. Appellant now appeals said denial and raises the following as his sole issue:

1. whether the Prosecutor committed fundamental error by making certain remarks during his final argument which allegedly commented on Appellant's failure to testify during trial.

We first note that Appellant waived a general review of this issue by not properly preserving and raising it on direct appeal. Appellant neither objected to the Prosecutor's first improper comment at trial nor raised this issue in his original motion to correct errors. It is well-settled that the failure to object at trial constitutes waiver of review unless an error is so fundamental that it denied the accused of a fair trial. *Pitman v. State,* (1982) Ind., 436 N.E.2d 74. Moreover, even issues of a constitutional dimension are waived by failure to state them in one's motion to correct errors. *Sidener v. State,* (1983) Ind., 446 N.E.2d 965. This Court has held:

"Fundamental error is error that, if not rectified, would deny a defendant fundamental due process. *Johnson v. State,* (1979) [271] Ind. [145], 390 N.E.2d 1005. It is not enough, in order to invoke this doctrine, to urge that a constitutional right is implicated. Only when the record reveals clearly blatant violations of basic and elementary principles, and the harm of potential for harm could not be denied, will this Court review an issue not

properly raised and preserved. *Nelson v. State,* (1980) Ind., 409 N.E.2d 637."

*Warriner v. State,* (1982) Ind., 435 N.E.2d 562, 563; *see also Griffin v. State,* (1982) Ind., 439 N.E.2d 160. This Court also has held:

"The 'fundamental error' doctrine serves exceptional circumstances. The rule permits an appellate tribunal to address an error not otherwise preserved for review if the error appears plainly on the face of the record and is of such consequence that it denied defendant due process."

*Rowley v. State,* (1982) Ind., 442 N.E.2d 343, 345. Accordingly, we now consider only whether or not the Prosecutor's comments amounted to fundamental error.

During the State's closing argument the following was recorded:

[Prosecutor Alley]: "... They have attempted to cover up something because they didn't want you people to know. And finally just to show that in fact those stories were so inconsistent State exhibit 17. Now, the *defendant in this case did not testify* and his Honor will instruct you that you may take no inference from the fact, this is his privilege under our Constitution but State's exhibit number 17 is in evidence and the defendant has spoken to you through this exhibit and I read to you once again what he said he did on that evening to Officer Jim Ray, which by the way it bears his signature.... While there I [Defendant] saw Bob and Ina and they are the owners. I also saw Margarete Nelson and Ricky Adams. Did you folks see Ina here to testify? Did you folks see Margarete Nelson? Did they come in here and say that this is the way it was?

[Defense counsel] Excuse me your Honor I feel compelled to *object,* Mr. Alley's at a pause *on the defendant's failure to call certain witnesses* in this matter. Clearly not incombent (sic) of law to do that.

[Prosecutor] Your Honor.

[Defense counsel] It cannot be considered by the jury as any evidence of

guilt that we have called or failed to call any witness.

[Judge] Defendant's objection will be sustained and the jury is instructed to disregard any comments made by the prosecutor as far as any witnesses called or not called by the defendant. That he must not testify and I instruct the jury that these remarks should be disregarded by them as made by the Deputy Prosecutor and no importance given to what's been said. Continue." (emphasis added)

As the Record indicates, the Prosecutor's comment mentioning Appellant's failure to testify was not objected to when made and no motion for mistrial was made at that time. When Appellant finally did object, his objection did not pertain to said comment but related to Appellant's failure to call certain witnesses. The trial court properly sustained Appellant's objection when proffered and correctly instructed the jury to disregard the improper suggestion. The trial court also ambiguously, if not cryptically, instructed the jury: "That he must not testify."

■ At the time of the instant trial, Indiana law prohibited counsel from commenting upon a defendant's failure to testify during trial. Ind.Code § 35–1–31–3 (Burns 1979) [repealed effective September 1, 1982] specifically dictated:

"... But if the defendant do not testify, his failure to do so shall not be commented upon or referred to in the argument of the cause, nor commented upon, referred to, or in any manner considered by the jury trying the same; and it shall be the duty of the court, in such case, in its charge, to instruct the jury as to their duty under the provisions of this section."

In the instant case, Prosecutor Alley clearly erred by making his comment as set out above. This error may have constituted fundamental error but for what transpired during trial after the State's error was committed. Whether by mistake or by design, Appellant did not object to the error when made but allowed the improper comment to be digested by the jury. More significantly,

however, Appellant's defense counsel *sua sponte* discussed the issue in considerable detail during Appellant's final argument. The Record indicates the following was said during Appellant's closing argument:

[Defense Counsel Lockwood] "... Now, my client has not taken the stand to testify in this matter and you may think that maybe he should have. Now, he has an absolute right not to under the law but if you were wrongfully accused of something that you had other witnesses to come into court and they said that you were someplace else I submit that it is not beyond the realm of possibility that you would look at the State and say you've not proved your case against me. I don't have to take the stand and testify as to where I was and that's how he feel (sic) and I've chosen not to put him on the stand. And that's why he hasn't—

[Prosecutor] Now Your Honor. I think we've reached a disparity here. Again Mr. Lockwood keeps interjecting his own personal opinions and that's in direct conflict with previous testimony in this case.

[Judge] I think that's correct Mr. Lockwood.

[Defense Counsel] I apologize.

[Judge] It is in conflict with testimony that we heard outside the presence of the jury and I would appreciate if you're going to comment that you would—

[Defense Counsel] Comment accurately?

[Judge] Comment accrately (sic) and correct your statement that you may have just made.

[Defense Counsel] I will correct is. (sic) Mr. Mitchell and I have confered (sic) and he has decided that he will not take the stand in this matter. And I have decided, and there's nothing I could have done about it anyway, that I would not force him or try to force him to take the stand in this matter. But, regardless of what the reasons are whether he wants to take the stand or I want him to or I don't want him to or

he doesn't want to or whatever the reasons are he has not taken the stand and you are duty bound not to hold that against him and I know that you will not hold that against him. You will follow the law. You must follow the law."

The trial court's "Conclusion of Law" states:

"While the right to not incriminate oneself is absolute, it is absolute in degrees. It is obvious from the record that statements made by the defendant at other times were introduced against him. These could not have been introduced without a showing that the defendant relinquished some of his Fifth Amendment rights. The fact that the defendant consciously waived some of his rights against self incrimination by making a statement to police is analogous to the fact that he consciously waived what is a fundamental right to withhold from the jury comments by the prosecutor about the defendant not testifying. Here the defendant did not object to a preliminary instruction. He did not object to prosecutor commenting about him not taking the stand. Defendant did not object to final instructions being given regarding defendants who do not testify. Defendant, in fact, went beyond these factors and brought up the subject himself on final argument. His comments were not made in passing but went on to explain why defendant did not take (sic) stand thereby opening the door for the state to come back with its rebuttal for the jury to consider."

We agree. We now hold that Appellant voluntarily waived his right to silence on his refusal to testify by failing to timely object to the prosecutor's improper comment and by *sua sponte* discussing his failure to testify during his final argument. *Jones v. State,* (1978) 267 Ind. 680, 372 N.E.2d 1182. The prosecutor's error was thereby cured.

 In rebuttal, the State responded to the comments made by defense counsel during final argument as follows:

[Prosecutor] "... Now, Mr. Lockwood has indicated to you that his client didn't take the stand, he indicated some reasons why he didn't. I want you to think long and hard and you're entitled to about why he did not choose to testify in this case. I want you to think a long time on that. What reason. I think it's fair for me to comment at this time to ask you if you were charged with this crime would you want to speak on your own behalf? I submit to you one of the reasons, just one of the reasons why he didn't testify was why he couldn't testify. Because he told us this story.

[Defense Counsel] Excuse me your Honor I think perhaps if I have opened the door to the defendant's decision not to testify then Mr. Alley can mention it in his final argument. I don't think however he is permitted under the law to speculate as the reasons for the decision.

[Prosecutor] Your Honor I think he's opened the door. Now, he didn't have to mention a thing about it. He said all these reasons why he did and didn't.

[Judge] Overruled. Continue.

[Prosecutor] Because he couldn't, he couldn't effectively testify because one bit of police work, one very effective bit of police work in this matter precluded him from testifying because obviously what he told us on—back on January 27, 1976 could in no way be consistent with what these witness (sic) would say today."

We previously have held:

"The prosecutor is entitled to respond to allegations and inferences made by defense counsel during the latter's closing argument, even when such arguments by the prosecutor might otherwise be objectionable."

*Marshall v. State,* (1982) Ind., 438 N.E.2d 986, 989. Moreover, the trial court is vested with broad discretion in determining the proper scope of final argument. *Roose v. State,* (1983) Ind., 449 N.E.2d 594. Considering the comments which defense coun-

sel made during his portion of closing arguments, we find that the trial court did not commit fundamental error by allowing the State to respond during rebuttal as it did to those comments.

Lastly, we note that the prosecutor's error in the instant case was cured by the preliminary and final instructions given to the jury by the trial court without Appellant's objection. We have held that any error attending a prosecutor's statement made during final argument to the effect that the defendant may not have called every possible witness was cured by final instructions correctly stating that the defendant had no obligation to present evidence. *Reliford v. State,* (1982) Ind., 436 N.E.2d 313. Likewise, we now find that the error which occurred during closing argument in the instant case was cured by preliminary and final instructions telling the jury that Appellant had no obligation to testify, that Appellant's failure to testify could not be considered in determining his guilt or innocence and that Appellant must be presumed innocent until proven guilty beyond a reasonable doubt. *See* Ind.Code § 35–1–31–3, *supra.*

Although Appellant's argument concerning the prejudice which may result from an improper comment upon a defendant's refusal to testify is correct and convincing, it is misplaced in this case. Finding no fundamental error, we affirm the trial court in all things.

GIVAN, C.J., and HUNTER and PRENTICE, JJ., concur.

DeBRULER, J., concurs in result.