Steven PALMER, Appellant (Defendant),

v.

**STATE of Indiana, Appellee (Plaintiff).**

No. 35S02–0208–CR–447.

Supreme Court of Indiana.

Aug. 28, 2002.

Jill M. Denman, John W. Bailey, Matheny, Michael, Hahn & Bailey, L.L.P., Huntington, IN, Attorneys for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Janet L. Parsanko, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

### ON PETITION TO TRANSFER

RUCKER, Justice.

After pleading guilty to operating a vehicle while intoxicated and possession of marijuana, the trial court placed Steven Palmer on electronically monitored home detention as a condition of probation. When Palmer later violated the conditions of his probation, the trial court revoked it and ordered him to serve the balance of his sentence. Palmer subsequently petitioned the trial court to receive credit for the time he had served on home detention, which the trial court denied. On review, the Court of Appeals affirmed. *Palmer v. State*, 744 N.E.2d 525 (Ind.Ct.App.2001).

Just two months after Palmer filed his brief in support of petition to transfer with this Court, the General Assembly amended Indiana Code sections 35–38–2–3 and 35–38–2.5–5. Pub.L. No. 166–2001, §§ 1, 2, 2001 Ind. Acts 1075–76, 1077. Effective July 1, 2001, the amendments provide that a person earns credit for time served on home detention as a condition of probation. Ind.Code §§ 35–38–2–3(h)(2), (j)(2), –2.5–5(e). Previously, the statutes were silent on this point. *See* I.C. §§ 35–38–2–3, –2.5–5 (1998). In accordance with our companion case also decided today, *Martin v. State*, 774 N.E.2d 43 (Ind.2002), we hold that the amendments should be applied retroactively to Palmer. We therefore grant transfer and reverse the trial court.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.