**James C. ABSHER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 22A01–0610–CR–483.**

Court of Appeals of Indiana.

May 17, 2007.

J. Patrick Biggs, Chief Public Defender, New Albany, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

FRIEDLANDER, Judge.

James C. Absher appeals his convictions for three counts of Child Molesting,[1] two as class A felonies and one as a class C felony, arguing that the trial court erroneously allowed the State to amend its charging information after the omnibus date.

We affirm.

The facts most favorable to the verdict indicate that Absher was charged on May 28, 2004, with one count of child molesting as a class A felony. At the initial hearing, the trial court set the omnibus date for July 27, 2004. Trial was thereafter scheduled for August 9, 2004, but was rescheduled for June 12, 2006, following numerous continuances. On June 9, 2006, the State filed a motion to amend the charging information to add two additional counts of child molesting, one as a class A felony and one as a class C felony. Absher did not object to the State's motion to amend. On the same date, the State made a plea offer to Absher.

On June 12, 2006, the day of trial, Absher moved to continue the trial. A hearing on Absher's motion, as well as a plea agreement hearing, was set for that same day. The parties subsequently agreed to continue the plea agreement hearing until the next day. On June 13, 2006, Absher refused the State's plea offer and the trial court granted the State's motion to amend. The trial court also granted Absher's request for a continuance in order to prepare his defense in light of the new charges against him. Trial was eventually com-

---

1. Ind.Code Ann. § 35–42–4–3 (West, PREM-     ISE through 2006 Second Regular Session).

menced on August 15, 2006. On August 18, 2006, the jury convicted Absher on all three counts of the amended information. This appeal ensued.

Absher argues on appeal that the trial court erred in permitting the State to amend its charging information by adding two additional counts after the expiration of the time limit set forth in I.C. § 35–34–1–5 (West, PREMISE through 2006 Second Regular Session). We agree.

■ Our Supreme Court recently clarified that a charging information may be amended at various stages of a prosecution, depending on whether the amendment is to the form or to the substance of the original information. *Fajardo v. State*, 859 N.E.2d 1201 (Ind.2007). Such amendments are governed by I.C. § 35–34–1–5. Subsection (a) of this statute permits an amendment at any time "because of any material defect," and lists nine examples. Similarly, I.C. § 35–34–1–5(c) permits "at any time before, during or after the trial, ... an amendment to the indictment or information in respect to any defect, imperfection, or omission in form which does not prejudice the substantial rights of the defendant." *Id.* In contrast, I.C. § 35–34–1–5(b) expressly limits the time for certain other amendments as follows:

> (b) The indictment or information may be amended in matters of substance or form, and the names of material witnesses may be added, by the prosecuting attorney, upon giving written notice to the defendant, at any time up to:
>> (1) thirty (30) days if the defendant is charged with a felony; or
>> (2) fifteen (15) days if the defendant is charged only with one (1) or more misdemeanors;
> *before the omnibus date.*

(Emphasis supplied.) As our Supreme Court explained in *Fajardo:*

This statutory language thus conditions the permissibility for amending a charging information upon whether the amendment falls into one of three classifications: (1) amendments correcting an *immaterial defect,* which may be made at any time, and in the case of an unenumerated immaterial defect, only if it does not prejudice the defendant's substantial rights; (2) amendments to *matters of form,* for which the statute is inconsistent, subsection (b) permitting them only prior to a prescribed period before the omnibus date, and subsection (c) permitting them at any time but requiring that they do not prejudice the substantial rights of the defendant; and (3) amendments to *matters of substance,* which are permitted only if made more than thirty days before the omnibus date for felonies, and more than fifteen days in advance for misdemeanors.

859 N.E.2d at 1204–05 (emphasis in original). Thus, the first step in evaluating the permissibility of amending an indictment or information is to determine whether the amendment is addressed to a matter of substance, or one of form or immaterial defect. *Fajardo v. State*, 859 N.E.2d 1201.

■ An amendment is one of form and not substance "if a defense under the original information would be equally available after the amendment and the accused's evidence would apply equally to the information in either form." *Id.* at 1205. An amendment is of substance only if it is essential to making a valid charge. *Fajardo v. State*, 859 N.E.2d 1201. The original charging information alleged Absher committed class A child molesting by performing sexual intercourse upon his five-year-old daughter, J.L. The amended information added one count of class A child molesting alleging Absher performed sexual deviate conduct on J.L. by placing his mouth on the sex organ of J.L., and

one count of class C felony child molesting by alleging Absher fondled or touched J.L. with the intent to arouse or satisfy his sexual desires.

Applying the rule for distinguishing between amendments to matters of form and those of substance, we conclude that the addition of counts two and three, charging Absher with two new and separate offenses, constituted an amendment to substance. Absher's evidence addressed to disputing the occurrence of the original charge would not be equally applicable to dispute the specific conduct alleged in the separate additional charges sought to be added by the amendment. Additionally, because the amendment charged the commission of two additional separate crimes, the amendment was "unquestionably essential to making a valid charge of the crime, and thus it was not disqualified from being considered an amendment to a matter of substance." *Id.* at 1208.

Because the challenged amendment in the present case sought to modify the original charging information as to matters of substance, it was only permissible up to thirty days *before* the omnibus date, which was July 24, 2004. *See* I.C. § 35–34–1–5(b)(1). The State's motion to amend the charging information, however, was not sought until June 9, 2006, almost two years *after* the omnibus date, and thus failed to comply with the statute. Consequently, the trial court should have denied the State's motion to amend. *See Fajardo v. State,* 859 N.E.2d 1201.

■ The State asserts that because Absher failed to object to its motion to amend the charging information, he has failed to preserve this issue for appeal. Absher concedes that he did not contempo-

raneously object to the State's motion, and that such failure to object at trial customarily means that a party has not preserved any claim for appeal. He counters, however, that the fundamental error exception to this rule, which permits reversal when there has been a blatant violation of basic principles that denies a defendant fundamental due process, is applicable here.

In *Fajardo,* our Supreme Court did not address the issues of waiver and fundamental error as they pertain to I.C. § 35–34–1–5, as the defendant there objected to the amendment, and a hearing was conducted thereon, thereby preserving the issue for appeal. *See Fajardo,* 859 N.E.2d 1201. In the case at bar, however, the State filed a written motion to amend on June 9, 2006, based on newly discovered evidence obtained during a deposition of J.L. On June 12, 2006, Absher requested and received a continuance to prepare his defense in light of the new charges contained in the amended information, but did not object to the State's motion itself.[2] Nor did Absher object to the State's motion to amend either in the subsequent hearing held on said motion on June 13, 2006, or at trial, which eventually commenced on August 15, 2006.

■ Because *Fajardo* does not address the issue of whether failure to object to a substantive amendment made to the charging information after the omnibus date results in waiver, or whether such an amendment, ipso facto, constitutes fundamental error, we must look to other statutory and decisional law for guidance. First, we observe that "the purpose of the contemporaneous objection rule is to promote [a] fair trial by precluding a party

---

**2.** In his Reply Brief, Absher suggested, for the first time, that he objected to the State's motion to amend; however, Absher failed to provide, nor, after a careful combing of the record, were we able to find any evidence that he ever did in fact object, either verbally or in writing, to the State's motion.

from sitting idly by and appearing to assent to an offer of evidence or ruling by the court only to cry foul when the outcome goes against him." *Purifoy v. State*, 821 N.E.2d 409, 412 (Ind.Ct.App.2005), *trans. denied.* Thus, failure to object at trial constitutes waiver of review unless an error is so fundamental that it denied the accused a fair trial. *Mitchell v. State*, 455 N.E.2d 1131 (Ind.1983).

■■■ Our Supreme Court has recently reiterated, however, that the doctrine of fundamental error is only available in egregious circumstances. *Brown v. State*, 799 N.E.2d 1064 (Ind.2003). The mere fact that error occurred and that it was prejudicial will not satisfy the fundamental error rule. *Purifoy v. State*, 821 N.E.2d 409. Likewise, it is not enough, in order to invoke this doctrine, to urge that a constitutional right is implicated. *Mitchell v. State*, 455 N.E.2d 1131. To qualify as fundamental error, "an error must be so prejudicial to the rights of the defendant as to make a fair trial impossible" and must "constitute a blatant violation of basic principles, the harm or potential for harm must be substantial, and the resulting error must deny the defendant fundamental due process." *Benson v. State*, 762 N.E.2d 748, 755 (Ind.2002) (internal quotations and citations omitted).

Absher's sole argument that he is entitled to relief based on fundamental error is as follows:

> It would be difficult to imagine a more blatant violation of basic principles than what occurred in this cause. The statute barring the counts that were added to the information could not be more clear, yet, because counsel failed to object to the motion to amend the information, [Absher] was sentenced to 50 years incarceration on the [c]lass A felony conviction and 8 years (although concurrent with the sentence for the two [c]lass A

felonies) on the [c]lass C felony. This is fundamental error in that it deprives [Absher] of the right to effective assistance of counsel and the right to a fair trial, which are guaranteed by the United States and Indiana Constitutions.

Appellant's Brief at 14. Absher makes this assertion of fundamental error, however, without providing *any* supporting argument or citation to authority.

Simply asserting the legal conclusions that his trial was unfair and that he received ineffective assistance of counsel, without any cogent argument or citation to authority, is not enough to prove fundamental error. *See Canaan v. State*, 683 N.E.2d 227, 232 (Ind.1997) (concluding that defendant waived appellate review of his claim of ineffective assistance of trial counsel where defendant made only a "conclusory statement" as to the effect of trial counsel's failure to object without providing supporting argument or authority), *cert. denied; see also* Ind. Appellate Rule 46(A)(8)(a) & (b) (providing that appellant's contentions regarding the issues presented on appeal must be supported by cogent reasoning and by citations to authorities and statutes).

■■ Absher has also failed to provide this Court with any evidence of prejudice suffered as a result of the State's tardy amendment, other than the fact he was convicted. The purpose of a charging information is to "advise the accused of the particular offense charged so that he can prepare a defense, and so that he can be protected from being twice placed in jeopardy for the same offense." *Truax v. State*, 856 N.E.2d 116, 123 (Ind.Ct.App. 2006). As stated earlier, to constitute fundamental error, the charging information must have so prejudiced Absher's rights that a fair trial was impossible. *Id.*

Absher does not assert that the charging information prevented him from knowing the nature of the charges against him, nor does he demonstrate how the charging information so prejudiced his rights that a fair trial was impossible. To the contrary, the record indicates Absher's clear awareness of the additional charges, thus negating any argument of unfair surprise or lack of notice. In fact, Absher asked for, and was granted, a continuance in order to prepare his defense in light of the new charges, with the trial ultimately commencing approximately two months after the information was amended, on August 15, 2006. This continuance provided Absher with sufficient time to prepare his defense. *See Watson v. State*, 776 N.E.2d 914 (Ind.Ct.App.2002) (concluding defendant had sufficient time to prepare defense for new habitual offender charge added almost two months before trial). Lastly, we note that Absher makes no assertion that there was insufficient evidence to support his convictions.

In failing to provide even a single cogent argument or citation to authority supporting his ultimate conclusions that his trial was unfair and that he received ineffective assistance of counsel, Absher's assertions on appeal must fail. *See Haymaker v. State*, 667 N.E.2d 1113 (Ind.1996) (finding no error occurred where defendant did not provide the court with any evidence that he was prejudiced by the late timing of the habitual offender amendment). As stated earlier, the fundamental error doctrine serves only in exceptional circumstances, and it is not enough, in order to invoke this doctrine, to simply urge that a constitutional right is implicated. *Mitchell v. State*, 455 N.E.2d 1131. Nor is the doctrine of fundamental error designed to be used as a safe harbor for a defendant who fails to raise a timely objection at trial. *Sims v. State*, 771 N.E.2d 734 (Ind.Ct.App.2002), *trans. denied.*

Based on the foregoing, we conclude that while the trial court's decision to allow the State to amend its charging information was in contravention of I.C. § 35–34–1–5(b), Absher failed to preserve this issue for appeal. Additionally, in failing to provide a single cogent argument with citation to authority supporting his legal conclusions that his trial was fundamentally unfair and that he received ineffective assistance of trial counsel, Absher also failed to successfully invoke the doctrine of fundamental error.

Judgment affirmed.

BAKER, C.J., and CRONE, J., concur.