# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

FILED

Feb 22 2013, 9:17 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CLEMATINE HOLLINGSWORTH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1207-CR-617 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable William J. Nelson, Judge
The Honorable Douglass E. Hiland, Judge Pro Tempore
Cause No. 49F07-1205-CM-31762

**February 22, 2013**

**OPINION - FOR PUBLICATION**

**FRIEDLANDER, Judge**

Following a bench trial, Clematine Hollingsworth was convicted of Public Intoxication,[1] a class B misdemeanor. Hollingsworth appeals and argues that the failure to retroactively apply a recent amendment to the public intoxication statute to her offense constituted fundamental error.

We affirm.

In the early evening of May 12, 2012, Indianapolis Metropolitan Police Officer Benjamin Owens responded to a report of two women fighting in an Indianapolis apartment complex. When Officer Owens arrived, he encountered a crowd of people, including Hollingsworth. Some of the onlookers told Officer Owens that the women involved in the disturbance had run into a nearby house. Officer Owens then went behind one of the residences and found the two women trying to leave through the back door. When Officer Owens brought the women around to the front of the residences, Hollingsworth and the women began screaming at one another. Officer Owens told Hollingsworth to be quiet and, when she refused, placed her in handcuffs. At that time, Officer Owens noticed that Hollingsworth's breath smelled like alcohol, her eyes were bloodshot and glassy, and her speech was slurred. Believing Hollingsworth to be intoxicated, Officer Owens placed her under arrest.

As a result of these events, the State charged Hollingsworth with disorderly conduct and public intoxication. A bench trial was held on July 2, 2012, at the conclusion of which

---

[1] Ind. Code Ann. § 7.1-5-1-3 (West, Westlaw effective through May 31, 2012), *amended by* Pub. L. No. 117–2012, § 1 (effective July 1, 2012).

2

Hollingsworth was acquitted of disorderly conduct and convicted of public intoxication. On July 27, 2012, Hollingsworth filed a motion for relief from judgment under Ind. Trial Rule 60(B), which was denied without a hearing on August 1, 2012. Hollingsworth now appeals.

The sole issue presented on appeal is whether an amendment to the public intoxication statute that took effect on July 1, 2012, should be applied retroactively to Hollingsworth's offense. The version of the public intoxication statute in effect at the time of Hollingsworth offense provided that "[i]t is a Class B misdemeanor for a person to be in a public place or a place of public resort in a state of intoxication caused by the person's use of alcohol or a controlled substance (as defined in IC 35-48-1-9)." I.C. § 7.1-5-1-3 (West, Westlaw effective through May 31, 2012). The amended statute, which was approved by the General Assembly on March 19, 2012 and became effective on July 1, 2012, provides in relevant as follows:

> (a) Subject to section 6.5 of this chapter,[2] it is a Class B misdemeanor for a person to be in a public place or a place of public resort in a state of intoxication caused by the person's use of alcohol or a controlled substance (as defined in IC 35-48-1-9), if the person:
>     (1) endangers the person's life;
>     (2) endangers the life of another person;
>     (3) breaches the peace or is in imminent danger of breaching the peace; or
>     (4) harasses, annoys, or alarms another person.

Ind. Code Ann. § 7.1-5-1-3 (West, Westlaw current through 2012 2nd Reg. Sess.).

---

[2] I.C. § 7.1-5-1-6.5 (West, Westlaw current through 2012 2nd Reg. Sess.), which was added to the Indiana Code by P.L. 93-2012, § 4 and became effective on July 1, 2012, limits the circumstances under which a law enforcement officer may take a person into custody for offenses involving alcohol. None of these limitations are applicable here.

Hollingsworth argues that the 2012 amendment was remedial in nature and should therefore be applied retroactively to her offenses. *See Brown v. State*, 947 N.E.2d 486, 490 (Ind. Ct. App. 2011) (holding that "retroactive application of a statute is appropriate when: (1) the new statute is remedial; (2) a strong and compelling reason exists for applying it retroactively; and (3) retroactive application does not violate a vested right or a constitutional guaranty"), *trans. denied.* Hollingsworth acknowledges, however, that she never brought the amendment to the trial court's attention or raised the issue of retroactivity at trial or through her motion for relief from judgment, despite the fact that the amendment was approved nearly two months prior to the commission of the offense and became effective the day before her bench trial. In an attempt to avoid waiver, Hollingsworth argues that the failure to retroactively apply the amended statute to her offense constitutes fundamental error.

Assuming without deciding that error occurred, Hollingsworth has not established that the error was fundamental. "The mere fact that error occurred and that it was prejudicial will not satisfy the fundamental error rule." *Absher v. State*, 866 N.E.2d 350, 355 (Ind. Ct. App. 2007). The fundamental error rule is "extremely narrow" and applies "only when the record reveals a clearly blatant violation of basic and elementary principles, where the harm or potential for harm cannot be denied, and which violation is so prejudicial to the rights of the defendant as to make a fair trial impossible." *Jewell v. State*, 887 N.E.2d 939, 942 (Ind. 2008).

Hollingsworth has failed to provide any analysis of her claims within the context of the fundamental error rule. In her principal appellate brief, Hollingsworth merely cites the

4

fundamental error rule and makes a conclusory statement that "not applying the amended public intoxication statute retroactively would be fundamental error." *Appellant's Brief* at 4. In response to the State's argument that Hollingsworth waived any claim of fundamental error due to her failure to develop a cogent argument, Hollingsworth makes another conclusory statement in her reply brief, without citation to authority, that "the very essence of a 'remedial statute' is the notion that due process demands some laws can and *should* be applied retroactively." *Reply Brief* at 1 (emphasis in original).

The general rule that statutes will be given prospective effect only and the exception allowing retroactive application of remedial statutes when there are strong and compelling reasons for doing so are rules of statutory construction. *See Brown v. State*, 947 N.E.2d 486. Hollingsworth has not directed our attention to any authority suggesting that the rule allowing retroactive application of remedial statutes emanates from the Due Process clause or any other constitutional provision. Moreover, even if we assume that there exists a constitutional right to the retroactive application of remedial statutes, the mere fact that a constitutional right is implicated is insufficient to satisfy the fundamental error rule. *Absher v. State*, 866 N.E.2d 350. Simply asserting that error occurred and was harmful is insufficient to establish fundamental error. *See id.*

Hollingsworth also argues that "this would not be the first case where the issue of retroactive application of a remedial statute was raised for the first time on appeal." *Reply Brief* at 2. In support of this assertion, Hollingsworth cites *Martin v. State*, 774 N.E.2d 43 (Ind. 2002) and *Palmer v. State*, 774 N.E.2d 46 (2002). In both of those cases, however, the

5

relevant statutory amendments at issue took place while the defendant's appeal was pending.

In this case, the General Assembly approved the amendment to the public intoxication nearly two months before Hollingsworth committed the instant offense, and the amendment took effect the day before Hollingsworth's trial. Unlike the defendants in *Martin v. State* and *Palmer v. State*, Hollingsworth had the opportunity to raise the issue of retroactivity before the trial court and failed to do so. The purpose of the contemporaneous objection rule is "to promote a fair trial by precluding a party from sitting idly by and appearing to assent to an offer of evidence or ruling by the court only to cry foul when the outcome goes against him." *Purifoy v. State*, 821 N.E.2d 409, 412 (Ind. Ct. App. 2005), *trans. denied*. The rule serves this purpose by requiring parties to timely raise objections "so that harmful error may be avoided or corrected and a fair and proper verdict will be secured." *Id.* We decline to abandon the contemporaneous objection rule here.

Judgment affirmed.

NAJAM, J., and BRADFORD, J., concur.