## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 02 2016, 9:02 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ronald J. Moore
The Moore Law Firm, LLC
Richmond, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Timothy D. Shuff,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 2, 2016<br><br>Court of Appeals Case No. 89A04-1602-CR-419<br><br>Appeal from the Wayne Circuit Court<br><br>The Honorable David A. Kolger, Judge<br><br>Trial Court Cause No. 89C01-1503-F1-9 |

**Bailey, Judge.**

# Case Summary

Timothy D. Shuff ("Shuff") was convicted of Child Molesting, as a Level 1 felony;[1] Sexual Misconduct with a Minor, as a Level 4 felony;[2] and Child Molesting, as a Level 4 felony.[3] He now appeals.

We affirm.

# Issues

Shuff raises two issues for our review, which we restate as:

    I.    Whether the trial court abused its discretion when it denied a motion for continuance on the day of trial; and

    II.    Whether his sentence is inappropriate under Appellate Rule 7(B).

# Facts and Procedural History

Shuff was married in 2010 to Rachel S., who had three children from prior relationships: two daughters, S. and C., and a son, R. S.was the eldest child, born on January 19, 2001. During the events at issue in this case, the family lived together in a home in Whitewater, Indiana.

---

[1] Ind. Code § 35-42-4-3(a)(1).

[2] I.C. § 35-42-4-9(a)(1).

[3] I.C. § 35-42-4-3(b).

[5] Sometime in 2012 or 2013, Rachel noted that Shuff's relationship with S. had changed. Though she suspected that Shuff was engaging in sexual conduct with S., both Shuff and S. denied any sexual interactions. In 2014, C. reported that she had seen Shuff and S. having sexual intercourse. In response to this, Shuff used a two-by-four piece of wood to strike C.'s buttocks, leading to injuries and eventually Shuff's conviction in a separate cause for Battery, as a Class D felony.

[6] Rachel's suspicions remained unabated. Sometime in January 2015, while Rachel was at work, R. witnessed Shuff and S. engaged in sexual intercourse in the bedroom Shuff and Rachel shared. Shuff knew that R. had seen this, and concocted a story in which he was wrestling with S., who rather than being naked was wearing a flesh-colored shirt. Shuff persuaded S. to corroborate his claims.

[7] A few days after this, R. informed Rachel of what he had seen; the following day, Rachel, along with the children, moved out of the home. Sometime after Rachel and the children left the home, Shuff and S. met and drove in Shuff's car to a cemetery in Fountain City, where they engaged in sexual intercourse.

[8] On February 25, 2015, Rachel contacted police about Shuff's conduct with S. after Rachel discovered e-mail correspondence between the two. Subsequent investigation would reveal that Shuff had begun molesting S. in 2012 or 2013, that he would sometimes have intercourse with S. multiple times in a week, that he took S. out of school several times in 2014 to engage in sexual intercourse

with her, and that he would have S. consume alcohol or pain pills before engaging in sexual intercourse with her.

[9] On March 6, 2015, the State charged Shuff with Child Molesting, as a Level 1 felony, and Sexual Misconduct with a Minor, as a Level 4 felony.

[10] During the course of the proceedings before the trial court, Shuff failed to attend a hearing scheduled for April 20, 2015. Shuff had fled Indiana for Ohio, where he was eventually apprehended on May 6, 2015. On May 20, 2015, Shuff was returned to the Wayne County Jail, where he remained for the duration of the proceedings.

[11] At the initial hearing in the case, Shuff expressed his intent to hire an attorney, but failed to do so, after which a public defender was appointed. On September 24, 2015, the State filed an amended charging information that added a count of Child Molesting, as a Level 4 felony, and that restated the date ranges for the charged offenses. Shuff waived an initial hearing on the additional charge.

[12] On September 25, 2015, Shuff filed a request for a continuance of the trial date. A hearing was conducted on the motion on October 16, 2015, at which time the trial court granted a continuance of the trial to January 14, 2016.

[13] On October 19, 2015, Shuff retained private counsel. On December 14, 2015, Shuff again moved for a continuance of the trial date, requesting additional time to conduct depositions and obtain other discovery. On December 21, 2015, the trial court denied the motion, noting several delays as a result of

Shuff's conduct, finding that Shuff's counsel would have adequate time before trial for discovery after entering his appearance on October 19, 2015, and noting the court's intention to alleviate stress for S. and her family by proceeding to trial without an additional continuance.

[14] On January 4, 2016, the State filed a motion to amend the charging information, along with its Second Amended Information. The changes to the charging information centered on refining the dates associated with the specific charges against Shuff. On January 6, 2016, Shuff notified the trial court that he had no objection to the Second Amended Information.

[15] The case subsequently proceeded to trial from January 12, 2016 to January 14, 2016. Before conducting voir dire, Shuff orally renewed his motion to continue of December 14, 2015; the trial court again denied the motion and the trial proceeded. At the conclusion of the trial, the jury found Shuff guilty as charged. After the jury entered its verdict, the trial court entered judgment of conviction against Shuff.

[16] On February 17, 2016, a sentencing hearing was conducted. At the hearing's conclusion, the trial court sentenced Shuff to forty years imprisonment for Child Molesting, as a Level 1 felony, and eleven years each for Sexual Misconduct with a Minor and Child Molesting, as Level 4 felonies. The trial court ran the sentences consecutively, yielding an aggregate term of imprisonment of sixty-two years.

[17] This appeal ensued.

# Discussion and Decision

## Denial of a Continuance

[18] Shuff's appeal first contends that the trial court abused its discretion when it did not grant his renewed motion for a continuance. Generally, where a statute does not require that the trial court rule on a continuance, we review the denial of a continuance for an abuse of discretion. *Flake v. State*, 767 N.E.2d 1004, 1008).

[19] Shuff challenges the trial court's denial of his December 2015 motion for a continuance. The December 2015 motion, which Shuff renewed prior to voir dire on January 12, 2016, sought a continuance for the purpose of obtaining additional discovery. On appeal, Shuff couches his challenge as one centered upon a need for a continuance in light of the State's second amended charging information, directing this Court's attention to Indiana Code subsection 35-34-1-5(d):

> Before amendment of any indictment or information other than amendment as provided in subsection (b),[4] the court shall give

---

[4] I.C. § 35-34-1-5(b) provides:

The indictment or information may be amended in matters of substance and the names of material witnesses may be added, by the prosecuting attorney, upon giving written notice to the defendant at any time:

(1) up to:

(A) thirty (30) days if the defendant is charged with a felony; or

(B) fifteen (15) days if the defendant is charged only with one (1) or more misdemeanors;

before the omnibus date; or

(2) before the commencement of trial;

all parties adequate notice of the intended amendment and an opportunity to be heard. Upon permitting such amendment, the court shall, upon motion by the defendant, order any continuance of the proceedings which may be necessary to accord the defendant adequate opportunity to prepare the defendant's defense.

[20] The State contends, and we agree, that Shuff's appeal on this point is waived. The amended charging information was submitted to the trial court on January 4, 2016. On January 6, 2016, the trial court noted in the CCS that "the Defendant [states] that he has no objection to the Second Amended Information" (App'x at 131), and Shuff concedes that he raised no objection to the amendment of the charging information. Nevertheless, he argues that the trial court violated his due process rights and abused its discretion by failing "to enter a denial or give Mr. Shuff a formal opportunity to be heard on the Second Amended Information." (Appellant's Br. at 18.) Yet the renewed motion to continue the trial pertained to a request for additional time to conduct discovery, and bore no relationship to a challenge to the amended charges—and Shuff had already waived that challenge by notifying the trial court that he did not object to the amended charging information. *See Absher v. State*, 866 N.E.2d 350, 354-55 (Ind. Ct. App. 2007) (holding that, where the State filed amended charges, "failure to object at trial constitutes waiver of review unless an error is so fundamental that it denied the accused a fair trial"). With Shuff having

---

if the amendment does not prejudice the substantial rights of the defendant. When the information or indictment is amended, it shall be signed by the prosecuting attorney or a deputy prosecuting attorney.

waived a challenge to the charging information at trial and presenting no argument to this Court pertinent to the subject matter of the renewed motion, we conclude that Shuff's challenge to the denial of the motion to continue has been waived.

## Inappropriateness under Rule 7(B)

[21] Shuff also challenges the appropriateness of his sentence under Appellate Rule 7(B). The authority granted to this Court by Article 7, § 6 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, and as interpreted by case law, appellate courts may revise a sentence after due consideration of the trial court's decision, if the sentence is found to be inappropriate in light of the nature of the offense and the character of the offender. *Cardwell v. State*, 895 N.E.2d 1219, 1222-25 (Ind. 2008); *Serino v. State*, 798 N.E.2d 852, 856-57 (Ind. 2003). The principal role of such review is to attempt to leaven the outliers. *Cardwell*, 895 N.E.2d at 1225.

[22] Here, Shuff was convicted of a Level 1 felony, Child Molesting, and two Level 4 felonies, Child Molesting and Sexual Misconduct with a Minor. For the Level 1 felony, Shuff faced a term of imprisonment of between twenty and forty years, with an advisory term of thirty years, I.C. § 35-50-2-4(b); the trial court

imposed the maximum sentence of forty years. For each of the Level 4 felonies, Shuff faced a term of imprisonment ranging from two to twelve years, with an advisory term of six years, I.C. § 35-50-2-5.5; the court imposed sentences of eleven years for each offense. Run consecutively, Shuff was exposed to a maximum term of imprisonment of sixty-four years; the trial court imposed an aggregate term of imprisonment of sixty-two years, two years shy of the maximum. Shuff requests that this Court revise each sentence to the statutory advisory term and order that the sentences be run concurrently, yielding an aggregate term of imprisonment of thirty years.

[23] We note first that Shuff spends considerable effort in his brief identifying mitigating factors that he suggests should have been taken into account, and evidence relating to aggravating factors that he suggests the trial court classified incorrectly. However, Shuff does not contend that the trial court abused its discretion in sentencing, and in fact states that the trial court's sentence was "legislatively sound." (Appellant's Br. at 25.) Thus, to the extent that Shuff implies the trial court disregarded statutory mitigating factors for which there was evidence, we find that argument to be waived.

[24] Turning now to the application of Rule 7(B), we look first at the nature of Shuff's offense. For at least one year, Shuff abused a position of trust by engaging in sexual activity with his stepdaughter, and then went to great lengths to conceal that relationship. Often, Shuff provided drugs or alcohol to S. before sexual intercourse. During the period of Shuff's offenses, he would correspond with S. by e-mail and phone as though the two were dating. By using phone

and e-mail, Shuff was able to communicate with S. without others knowing. On multiple occasions, Shuff took S. from school early for the purpose of engaging in intercourse when Rachel and the other children would not be home. Shuff also induced S. to obtain a second e-mail account that would be more difficult for Rachel and S.'s school to monitor, and gave S. a cell phone that had been set aside for family use in the event of emergencies.

[25] After he was discovered by S.'s younger sister, C., Shuff claimed C. was lying and used a two-by-four piece of wood to strike C. as punishment. This resulted in considerable injury to C., for which Shuff was convicted in another case of Battery, as a Class D felony. When R. discovered Shuff and S. engaged in sexual activity, Shuff induced S. to play along with an attempt to make R. believe he had been mistaken about what he saw. And even after Rachel learned of Shuff's conduct and left the home, Shuff arranged at least one more rendezvous with S., where he again engaged in sexual intercourse with her.

[26] The consequences of Shuff's conduct toward S. do nothing to make any of this of less concern. During the time he was engaging in sexual activity with S., Shuff drove a wedge into the life of his family, alienating S. from her mother and siblings. During the period of Shuff's offenses, S. became sullen and withdrawn. After Shuff's arrest, S. suffered from depression and suicidal thoughts, and for some period of time also engaged in self-harming behavior. All of this supports a significantly aggravated sentence.

[27] Shuff's character also speaks ill of him. After being arrested and charged, Shuff was released on bond on March 9, 2015. However, Shuff failed to appear for a hearing, having fled Indiana for Ohio. Shuff was apprehended in Ohio, and remained in the Wayne County Jail throughout the remainder of the trial court proceedings. While incarcerated, Shuff accrued several citations for violation of jail disciplinary rules. Shuff has, in the period from 2014 to 2016, accrued criminal convictions beyond those already mentioned: a 2015 misdemeanor conviction in Ohio for Assault, and a 2015 misdemeanor in Indiana associated with violation of a protective order. Moreover, Shuff failed to successfully complete probation ordered in the case involving his battering of C., leading to his probation being revoked.

[28] In light of the grievous nature of Shuff's offense and his character, we cannot conclude that his sentence was inappropriate.

# Conclusion

[29] Shuff waived for appeal a challenge to his motion for a continuance. His sentence was not inappropriate.

[30] Affirmed.

Riley, J., and Barnes, J., concur.