## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 16 2017, 11:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jill A. Gonzalez
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Larell P. Isom,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 16, 2017

Court of Appeals Case No.
18A02-1611-CR-2642

Appeal from the Delaware Circuit Court

The Honorable Thomas A. Cannon, Jr., Judge

Trial Court Cause No.
18C05-1606-F6-390

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Larell P. Isom (Isom), appeals his conviction for battery with moderate bodily injury, a Level 6 felony, Ind. Code § 35-42-2-1(b)(1).

We affirm.

# ISSUE

Isom presents us with one issue on appeal, which we restate as: Whether fundamental error occurred when the trial court admitted the victim's statement.

# FACTS AND PROCEDURAL HISTORY

Around 6:30 a.m. on June 20, 2016, a 911 call was placed from 2545 West White River Boulevard, Apartment #3 in Muncie, Indiana. The call ended when the caller hung up. Despite a call back by dispatch, no one answered. Muncie Police Officers Michael Edwards (Officer Edwards) and Chase Winkle (Officer Winkle) were sent by dispatch to check on the caller. When the officers approached the apartment, they found the apartment door open due to a "visibly broken" latch. (Transcript p. 105). Officer Winkle knocked on the open door. Receiving no response, Officer Edwards pushed the door open. "The minute [he] pushed it open, a female came running out[.]" (Tr. p. 105). The female was later identified as Isom's wife, Heather Isom (Heather). Heather was naked and she had visible marks on her face. Her right eye "had blood coming down." (Tr. p. 105). There were red marks on her shoulders. Visibly upset, Heather pointed back into the room "and she's advising that 'he's

doing it again.'" (Tr. p. 105). Officer Winkle went inside the apartment, followed by Officer Edwards and Heather. Inside, they found Isom. Heather is "addressing [] [Isom] as she's pointing to him as [Officer Winkle is] grabbing him and putting him in handcuffs." (Tr. p. 107). Because Heather and Isom were yelling back and forth, Officer Edwards escorted Heather to the bedroom to get dressed. Heather informed him that "[s]he couldn't keep him away and that he's been beating her." (Tr. p. 112). Isom "kept yelling[,] saying that she's lying, she's not telling the truth, she's lying and that she's not supposed to be there, that he hadn't touched her." (Tr. p. 112).

[5] On June 23, 2016, the State filed an Information charging Isom with Level 6 felony battery. During the motion in limine hearing on August 30, 2016, Isom argued that Heather's initial statement—"he's doing it again"—was inadmissible under Indiana Evidence Rule 404(b). (Tr. p. 105). Upon hearing arguments, the trial court concluded:

> That is admissible, not only under 803 as an excited utterance of the victim, but it is also admissible under 404, exception to 404(b). I think they, the case law has that under motive, but it's really admissible to show the relationship between the defendant and the victim. Numerous cases have held that where relationship between parties is characterized by frequent conflict[,] [e]vidence of the defendant's prior assaults and confrontation with the victim may be admitted to show the relationship between the parties and the motive for committing the crime.

(Tr. p. 35). During this hearing, Isom, unsolicited, informed the trial court that Heather would not be attending the trial as there was a warrant out for her arrest.

[6] On September 1, 2016, the trial court conducted a jury trial. Heather did not appear and her statement to Officer Edwards was admitted without Isom objecting. At the close of the evidence, the jury returned a guilty verdict. On October 24, 2016, during the sentencing hearing, the trial court imposed a two-year executed sentence with direct commitment to home detention through Delaware County Community Corrections.

[7] Isom now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[8] Isom contends that the trial court abused its discretion by admitting Heather's statement in violation of the Confrontation Clause of the Sixth Amendment to the United States Constitution.

[9] During the hearing on Isom's motion in limine, Isom challenged the admissibility of Heather's statement under Indiana Evidence Rule 404(b). The trial court concluded that the statement "he's doing it again" was admissible under both the excited utterance exception to the hearsay rule and Evidence Rule 404(b). (Tr. p. 105). At the jury trial, Heather did not appear and Officer Edwards reiterated Heather's statement to the jury without objection.

[10] First, we note that a motion in limine, without a contemporaneous objection at trial does not preserve an error for appeal. *See Hill v. State*, 51 N.E.3d 446, 451 (Ind. Ct. App. 2016). Second, Isom based his pre-trial objection to Heather's statement on Ind. Evid. R. 404(b). On appeal, he now challenges the admission of the statement under the Confrontation Clause.[1] "It is well-settled in Indiana that a defendant may not argue one ground for objection at trial and then raise new grounds on appeal." *Gill v. State*, 730 N.E.2d 709, 711 (Ind. 2000).

[11] A failure in objecting at trial constitutes waiver of review unless an error is so fundamental that it denied the accused a fair trial. *Absher v. State*, 866 N.E.2d 350, 355 (Ind. Ct. App. 2007). Our supreme court made the doctrine of fundamental error only available in egregious circumstances. *Id*. The mere fact that error occurred and that it was prejudicial will not satisfy the fundamental error rule. *Id*. Likewise, it is not enough, in order to invoke this doctrine, to urge that a constitutional right is implicated. *Id*. To qualify as a fundamental error, "an error must be so prejudicial to the rights of the defendant as to make a fair trial impossible" and must "constitute a blatant violation of basic principles, the harm or potential for harm must be substantial, and the resulting error must deny the defendant fundamental due process. *Benson v. State*, 762 N.E.2d 748, 755 (Ind. 2002) (internal quotations and citations omitted).

---

[1] At no point during these proceedings—either before the trial court or on appeal—did Isom challenge the admission of the statement under the excited utterance exception to the hearsay rule.

[12]     Isom contends the trial court violated his federal constitutional right of confrontation because Heather's statement was admitted while she was unavailable for cross-examination. The Confrontation Clause of the Sixth Amendment to the United States Constitution, which is made applicable to the States by the Fourteenth Amendment, provides in relevant part: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. AMEND. VI. The United States Supreme Court has determined that a statement violated the Confrontation Clause if, among other things, it is "testimonial" in nature. *Crawford v. Washington*, 541 U.S. 36, 68-69, 124 S.Ct.1354, 158 L.Ed.2d 177 (2004). To determine whether a statement is testimonial, we must decide whether it has "a primary purpose of creating an out-of-court substitute for trial testimony." *Michigan v. Bryant*, 562 U.S. 344, 357, 131 S.Ct.1143, 1155, 179 L.Ed.2d 93 (2011). "Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency." *Davis v. Washington*, 547 U.S. 813, 822, 126 S.Ct.2266, 165 L.Ed.2d 224 (2006). Conversely, a declarant's statements "are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *Id.* (footnote omitted).

[13]     In order to determine whether a statement is testimonial versus non-testimonial, we must consider: (1) whether the declarant is describing present or past events; (2) whether there is an ongoing emergency at the time that the statements are made; (3) whether the nature of the questions asked and the responses given were made in an effort to resolve a present emergency; and (4) the degree of formality during the course of the police questioning. *Id.* at 827, 126 S.Ct. 2266. Simply put, statements generally elicited from individuals seeking help during an ongoing emergency are not classified as testimonial. *See id.* at 828, 126 S.Ct. 2266.

[14]     Application of *Crawford* and *Davis* indicate that Isom's claim is without merit. The facts here objectively demonstrate that Heather's statement was uttered during an ongoing emergency. The officers encountered Heather on the scene, rather than at the police department. Sent to investigate a 911 call, they were faced with an open and broken apartment door. As soon as Officer Winkle pushed the door open, they noticed Heather who was actively bleeding and naked, running towards them. Without being asked any questions, Heather told the officers: "[H]e's doing it again." (Tr. p. 105). At that point, Heather had not been identified, nor had the officers located Isom, or received any details about the situation. Rather, Heather's statement was spontaneous upon seeing the officers. There is no evidence that an interrogation even began before Heather made the challenged statement.

[15]     In sum, the officers responded to an interrupted 911 call. They did not know if a crime was occurring, the circumstances thereof, or the parties involved. At

the time the statement was made, Heather's demeanor and appearance clearly indicated she was "seeking help during an ongoing emergency." *Davis*, 547 U.S. at 828, 126 S.Ct. 2266. Thus, the Confrontation Clause did not bar the admission of Heather's statement at trial. Accordingly, the trial court made no error, let alone a fundamental one, by admitting Heather's statement.[2]

## CONCLUSION

Based on the foregoing, we hold that the trial court did not abuse its discretion when it admitted the victim's statement.

Affirmed.

Najam, J. and Bradford, J. concur

---

[2] In his appellate brief, Isom raised two issues: (1) whether the admission of Heather's statement was barred by the Confrontation Clause and (2) whether Heather "was unavailable according to law." (Appellant's Br. p. 4). In the discussion section of his Brief, Isom notified this court that he would "make his argument for both issues together[.]" (Appellant's Br. p. 8). However, by analyzing both issues together, Isom did not make a cogent argument with respect to his unavailability claim. As our supreme court noted in *Garner v. State*, 777 N.E.2d 721, 724 (Ind. 2002), "[a] witness is unavailable for purposes of the Confrontation Clause requirement only if the prosecution has made a good faith effort to obtain the witness's presence at trial." Because Isom did not develop an argument with respect to the good faith requirement of the unavailability prong, he waived this issue for our review. *See* Ind. Appellate Rule 46(A)(8).