

FILED

Jan 30 2019, 9:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Yvette M. LaPlante
Keating & LaPlante, LLP
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Terrence Wayne Roach, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | January 30, 2019 <br><br> Court of Appeals Case No. <br> 18A-CR-1767 <br><br> Appeal from the Vanderburgh <br> Superior Court <br><br> The Honorable Robert J. Pigman, <br> Judge <br><br> Trial Court Cause No. <br> 82D03-1704-MR-1984 |

**Pyle, Judge.**

## Statement of the Case

Terrence Roach ("Roach") appeals his conviction following a jury trial for Level 6 felony abuse of a corpse.[1] Specifically, Roach argues that there was insufficient independent evidence of a crime or corpus delicti to serve as a basis for the trial court to admit his confession into evidence. However, because Roach failed to object when the trial court admitted his confession into evidence, Roach must establish fundamental error. Concluding that Roach has failed to do so, we affirm his conviction.

We affirm.

## Issue

Whether Roach has established that fundamental error occurred when the trial court admitted his confession into evidence.

## Facts

In March 2017, Roach confessed to police that, in July 2016, he had opened the window to nineteen-year-old severely disabled A.B.'s ("A.B.") bedroom from the outside and pulled A.B. out of the window. According to Roach, he had then driven A.B. to an abandoned house, carried her up to that house's attic, and placed her on a mattress. Roach further admitted to the police that he had

---

[1] IND. CODE § 35-45-11-2 provides that a person who knowingly or intentionally has sexual intercourse with a corpse commits Level 6 felony abuse of a corpse. Roach was also convicted of Level 3 felony confinement; however, he does not appeal this conviction. We also note that although Roach's appellate brief provides that he was convicted of kidnapping, the jury acquitted Roach of that charge.

wrapped duct tape around A.B.'s mouth to keep her quiet when he left the house. Roach also explained to the police that he had returned to the house to find Roach dead. According to Roach, he believed that he had suffocated A.B. with the duct tape. Roach also confessed that he had sexual intercourse with A.B.'s corpse. Roach's DNA was found on duct tape discovered next to A.B.'s body and also on a cigarette butt found in the attic.

[4] The State charged Roach with three counts of felony murder, Level 2 felony burglary, Level 3 felony confinement, Level 3 felony kidnapping, and Level 6 felony abuse of a corpse. At trial, Roach had "no objection" to the admission of his recorded confession into evidence. (Tr. Vol. 2 at 24). The jury convicted Roach of confinement and abuse of a corpse, and Roach now appeals the abuse of a corpse conviction.

## Decision

[5] Roach's sole argument is that the trial court erred when it admitted his confession to abuse of a corpse into evidence because there was an insufficient corpus delicti. At the outset, we note that Roach did not object at trial to the admission of his confession into evidence. He has therefore waived appellate review of this issue. *See Palilonis v. State*, 970 N.E.2d 713, 730 (Ind. Ct. App. 2012) (holding that failure to make a contemporaneous objection when the evidence is introduced at trial results in waiver of the issue on appeal), *trans. denied*.

[6] Because Roach has waived appellate review of this argument, he must establish fundamental error, which is only available in egregious circumstances. *See Absher v. State*, 866 N.E.2d 350, 355 (Ind. Ct. App. 2007). To qualify as fundamental error, the "'error must be so prejudicial to the rights of the defendant as to make a fair trial impossible' and must 'constitute a blatant violation of basic principles, the harm or potential for harm must be substantial, and the resulting error must deny the defendant fundamental due process.'" *Id.* (quoting *Benson v. State*, 762 N.E.2d 748, 755 (Ind. 2002)).

[7] In Indiana, a crime may not be proven based solely on a confession. *Workman v. State*, 716 N.E.2d 445, 447 (Ind. 1999). Rather, admission of a confession requires some independent evidence of the crime, including evidence of the specific kind of injury and evidence that the injury was caused by criminal conduct. *Id.* This evidence need not prove that a crime was committed beyond a reasonable doubt but merely provide an inference that a crime was committed. *Id.* at 447-48. This inference of a crime may be established by circumstantial evidence. *Id.* at 448.

[8] We further note that "where a defendant confesses to several crimes of varying severity within a single episode, strict and separate application of the corpus delicti rule to each offense adds little to the ultimate reliability of the confession once independent evidence of the principal crime is introduced." *Willoughby v. State*, 552 N.E.2d 462, 467 (Ind. 1990). Under these circumstances, a confession to other crimes in the same episode is admissible if there is independent evidence of the principal offense. *Workman*, 716 N.E.2d at 448.

[9] Here, Roach confessed to both confinement and abuse of a corpse. He does not contest the corpus delicti to support his confinement confession. Further, our review of the evidence reveals that Roach's DNA was found on duct tape and on a cigarette butt collected from the abandoned attic room where A.B.'s mummified body was discovered. Because there is independent evidence of confinement, Roach's confession to abuse of a corpse was admissible without independent evidence of that crime. *See id.* (explaining that Workman's confession to abuse of a corpse was admissible without independent evidence given that there was independent evidence of the principal crime of murder, to which Workman had also confessed).[2] *See also Willoughby*, 552 N.E.2d at 467-68 (explaining that trial court properly admitted Willoughby's confession to confinement, despite lack of independent evidence establishing that crime, because there was a sufficient corpus delicti with respect to the crimes of murder and robbery, to which Willoughby had also confessed); *Owens v. State*, 732 N.E.2d 161, 163-64 (Ind. 2000) (concluding that trial court properly admitted Owens' confession to murder and rape even though there was no independent evidence of rape because there was sufficient independent evidence of murder). We find no error here, fundamental or otherwise.

---

[2] We note that the State correctly points out that although Roach's appellate brief "discusses *Workman* as a case where the [Indiana] Supreme Court found the positioning of the [victim's] body to constitute independent corroboration of sexual activity (Appellant's Br. at 14-15), in fact the Court never reache[d] that issue because it [held] that the State was not required to present any corroboration of the abuse of a corpse charge at all. *Workman*, 716 N.E.2d at 447-48." (State's Br. at 11, n. 2).

Affirmed.

Najam, J., and Altice, J., concur.